**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Geraldine Talley Hobby,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, *et al.*,<br><br>    Defendants. | C.A. No.: 07-1061 (RMC) |

## DEFENDANTS DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA PUBLIC SCHOOLS AND SUPERINTENDENT CLIFFORD B. JANEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants District of Columbia (hereinafter "the District"), District of Columbia Public Schools (hereinafter "DCPS") and Clifford B. Janey, by and through counsel, respectfully move this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an Order dismissing plaintiff's complaint against them on the following grounds:

    1.    Plaintiff has failed to properly serve defendant Janey pursuant to Fed. P. Civ. R. 12(b)(5);

    2.    Plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10;

    3.    The District of Columbia Public Schools is *non sui juris*, and plaintiff cannot maintain this lawsuit against it;

    4.    Defendant Janey cannot be held liable under Title VII;

    5.    Defendants are entitled to Judgment as a Matter of Law because plaintiff's claims are statutorily time barred.

    6.    Punitive damages are not available against the District of Columbia.

Accordingly, dismissal is appropriate against these defendants. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

　　　/s/ Patricia A. Jones　　　
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

　　　/s/ Leticia L. Valdes　　　
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was mailed, first class, postage prepaid, this 28th day of August 2007, to:

Ms. Geraldine Talley-Hobby
P.O. Box 441972
Fort Washington, Maryland 20749-1972

　　　/s/ Leticia L. Valdes　　　
LETICIA L. VALDES
Assistant Attorney General

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Geraldine Talley Hobby,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, *et al.*,<br><br>    Defendants. | C.A. No.: 07-1061 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Preliminary Statement

Plaintiff filed her Complaint on June 15, 2007, against the District of Columbia, the District of Columbia Public Schools and Clifford B. Janey. Plaintiff avers that she was employed with the District of Columbia Public Schools from 1967 until 1992 and was retroactively terminated on May 5, 1995. *See* Complaint, generally. Plaintiff also alleges that she was fraudulently and erroneously terminated from DCPS after almost 31 years of service. *Id.* Plaintiff demands judgment against these defendants in the sum of $21,000,000.00. *Id.*

For the following reasons, the defendants are entitled to dismissal of the Complaint against them as a matter of law.

**Standard for Review**

    A.    **Standard for dismissal pursuant to Fed. P. Civ. R. 12(b)(5)**.

Fed. P. Civ. R 12 provides that the following defenses may be made at the option of the pleader by motion: "…(5) insufficiency of service of process." Dismissal is appropriate if the evidence shows that plaintiff's service of process was insufficient. *See Light v. Wolf,* 259 U.S.

App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003, holding, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."

    B.  **Standard for dismissal pursuant to Fed. P. Civ. R. 12(b)(6)**.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (1994).

**Argument**

1. **Plaintiff has failed to effectuate proper service upon defendant Clifford B. Janey.**

Pursuant to the express language of Fed. R. Civil P. 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order. The language of Fed. R. Civ. P.

2

4(e)(2), setting forth the elements of proper service on an individual within the United States is unambiguous in its mandate. According to the statute, service may be effected on an individual within the United States by delivering ""a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2). According to the Return of Service, the Complaint was mailed to defendant Clifford B. Janey via certified mail and received by L. Belis. See Return of Service/Affidavit of Service at Docket Entry # 5.[1] Defendant Clifford B. Janey was not personally served, and L. Belis is not an authorized agent of the defendant Janey. It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to properly serve Clifford B. Janey in this litigation requires dismissal of her court action against him.

---

[1] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b)(6) motion into a motion for summary judgment. Although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment." *See Nix v. Fulton Lodge No. 2, International Association of Machinists*, 452 F.2d 745, 279 (5th Cir. 1971); *cert. denied*, 406 U.S. 946 (1972), note 3.

**2. Plaintiff's Complaint fails to comport with Fed. P. Civ. R. 10, and dismissal is appropriate.**

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…." "Each claim founded upon a separate transaction or occurrence … **shall** be stated in a separate count…whenever a separation facilitates the clear presentation of the matters set forth."

(Emphasis added.) As set forth above, the language contained in Rule 10 is mandatory. The averments in plaintiff's Complaint are not set forth in numbered paragraphs and do not satisfy the requirements of Rule 10. See Complaint, generally. Therefore, dismissal of the Complaint is warranted because plaintiff failed to comply with Rule 10.

**3. Defendant District of Columbia Public Schools is *non sui juris* and dismissal of plaintiff's Complaint against this defendant is appropriate.**

Plaintiff has named the District of Columbia Public Schools as a defendant in the instant lawsuit. In this jurisdiction, it has been held generally that bodies within the District of Columbia government are simply not suable as separate entities absent statutory provisions for it to sue and be sued. *See, e.g., Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976), (holding Board of Higher Education not a suable entity (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974), (holding Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987), (holding Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities).

"The control of the public schools in the District of Columbia is vested in a Board of Education." D.C. Code §31-101 (1993 Repl.) ("§31-101"). The Court in *Tschanneral v. District of Columbia Board of Education*, 594 F. Supp. 407 (D.D.C. 1984) concluded that §31-101

4

> does not provide that the Board of Education can sue or be sued....[i]n contrast [with] the Board of Trustees of the University of the District of Columbia [which] is established by the D.C. Code §31-1511 [1993 Repl.] which provides...that the Board of Trustees is "a body corporate", which may "sue or be used [sic]"....The Board [of Education] is not a suable entity and may not be sued; therefore, the action against the Board of Education must be dismissed.

*Id.* at 409. Because DCPS is not suable as a separate entity, plaintiff's lawsuit as against DCPS must be dismissed.

    **4.**    <u>**Individually named defendants cannot be held liable under Title VII.**</u>

Although it is not clear from her Complaint, it appears as if plaintiff has filed discrimination claims under Title VII of the Civil Rights Act of 1964 against the individually named defendant, Clifford B. Janey. *See* Complaint, generally. This defendant is entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII). Accordingly, to the extent plaintiff has raised Title VII claims against defendant Clifford B. Janey, dismissal of those claims are mandated by law.

    **5.**    <u>**The defendants are entitled to Judgment as a Matter of Law because plaintiff's claims are statutorily time barred**</u>.

A Title VII plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged discriminatory act. *See* 42 U.S.C. 2000e-5(e)(1). In her Complaint, plaintiff avers that she was employed with the District of Columbia from 1967 until 1992. *See* Complaint, generally. Plaintiff further avers that her

retroactive termination from DCPS was dated May 5, 1995. *Id*. As part of her Complaint, plaintiff included a copy of her Charge of Discrimination with the EEOC. *See* Complaint, generally. Plaintiff did not file with the EEOC until October 28, 2006 more than 12 years after the alleged dismissal took place. Plaintiff's claims are therefore time barred, as she did not file her charge of discrimination with the EEOC within the applicable 180 day statutory time period.

### 6. Punitive damages are not available against the District of Columbia.

In *Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1975), the District of Columbia Court of Appeals, after a lengthy discussion of the policy considerations and weight of authority against allowing punitive damages against municipalities, found that punitive damages were ***not*** available against the District absent a statute expressly authorizing it. The purpose of a punitive damages award, the *Smith* court held, was to deter wrongful behavior and to benefit those wronged by such behavior. The court found that assessing punitive damages against the District (which would require payment by tax dollars) would be in conflict with the purpose of punitive damages because it would only serve to punish the taxpayers, who are the exact people who should benefit from such an award. *Id.*

While the Court in *Smith* mentioned in dicta that there may be a theoretical possibility that punitive damages might be available against the District of Columbia under certain undefined "extraordinary circumstances," this issue was resolved in favor of the District in *Teart v. WMATA*, 686 F.Supp. 12 (D.D.C. 1988). In *Teart*, the Court first reiterated the long standing precedent that "[i]n the absence of express statutory authority, punitive damages are not recoverable against the District of Columbia." *See Teart,* 686 F.Supp. at 13. The *Teart* Court reviewed the "extraordinary circumstances" language included in the *Smith* decision, holding that this language was nothing but dicta, and stating specifically that ***no*** court had ever imposed

punitive damages against the District. *Id*. at 14. The Court further held that "[t]his court will not create a baseline definition of a term which was formulated in dicta." *Id.* Existing case law does not allow for punitive damages against the District of Columbia. Even if there was a possibility for imposition of punitive damages against the District under "extraordinary circumstances," plaintiff has failed to plead sufficient facts to constitute "extraordinary circumstances." Thus, plaintiff's claim for punitive damages against the District must be dismissed.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


  /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


  /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

Geraldine Talley Hobby,

    Plaintiff,

    v.

District of Columbia, *et al.*,

    Defendants.

C.A. No.: 07-1061 (RMC)

# O R D E R

Upon consideration of the defendants District of Columbia, District of Columbia Public Schools, and Clifford B. Janey's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:   that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all named defendants with prejudice.

_____
JUDGE ROSEMARY M. COLLYER
United States District Court for the District of Columbia

cc:    Ms. Geraldine Talley-Hobby
       P.O. Box 441972
       Fort Washington, Maryland 20749-1972