UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Geraldine Talley Hobby,
            Plaintiff,                                      (ANo.07-1061(RMC)
    V.

District of Columbia, et al.,
            Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THE
DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## Statement of Facts

The Plaintiff has filed numerous cases in this matter, which originates from her
employment with the D.C. Public School system from 1967 both on a full time, as well as
part time basis, sustained injuries in 1986 work-related injury (automobile), under the
U.S. Department of Labor, and in 1990 under D.C. Government which included some the
same body parts, but  D.C. Government intentionally has chosen to conceal this
evidence.  Additionally, other 1990 concealments, omissions, and alteration of evidence
exist.  Even worse the government continues to try to block my case from being heard in
court, which everyone is entitled to under their Constitutional Rights.  Years have passed
since the Administrative hearing due to the delayed action of the DC. Governments
Abuse Of Authority, etc upon my rights.  The most recent EEOC charge, against the D.
C. Government is being combined with a Merit System Protection Act charge, as well,
and hopefully the other case(s) in the U.S. District Court.  I need closure to the "D.C.
Government injustice" and I won't stop fighting until I receive justice.
        I was wrongfully terminated retroacting in 1995 back to 1992 in a retaliatory act
by D.C.P.S for filing a disability compensation claim 337-470.  The federal government
states that you are to be separate from job not terminated, I had tenure and longevity, as
well as civil service status and my retirement, as I found out would have come from the
U.S. Treasury not D.C. Treasury.  My retirement should have fallen under the D.C.
Teachers Federal Retirement Plan.  Instead, when my disability compensation benefits
were wrongfully terminated and I was told to return to work I had no job to return to.
        The D.C. Government has continued to refuse to honor my retirement and/or the
reinstatement of my disability compensation benefits, which can be for a lifetime if
injures are verified by the Treating Physicians (Rule), which the D.C. Government
continues to ignore and set up their won rules.  Children are asked to confess when they
make a mistake, correct the mistake and apologize.  What does the D.C. Government do?
It continues to try to cover up their dirt/corruption rather than apologized and set the
record straight.
        The Plaintiff's should not be entitled to a dismissal of the Complaint against them
as a matter of law and of the following reasons:  (1) Justice; (2) Integrity of the Judicial
Process, and (3) Equal access to the Courts (4) Equal Protection under the Law (5) Equal

RECEIVED

NOV 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Justice under the Law (6) Deprivation of Constitutional Rights and (7) Access to the Courts, (8) Merit System Protection Rights (9) D.C. Law 3-177 Compensation Act Rights (10) Civil Rights (11) EEOC Rights

$\mathcal{A}$,

## REVIEW STANDARD

Standard for Dismissal as to Fed. R. Civil R. 12(b)5 is not warranted. Rule 4

The D.C. Government seeks to dismiss the case based on Fed.P.Civ. R12(b)(5) insufficiency of service of process when in fact all parties have been and are aware of the Plaintiff's pursuit to sue, which has been continuous, even the D.C. Corporation Counsel now the Attorney General's Office starting with her administrative appeal, which was lulled into the wrong jurisdiction by the Government and held in the D.C. Superior Court for almost a year, when the Attorney for D.C. Jack Simmons allowed the case to sit there, then notified the Court that the case was in the wrong jurisdiction, and the law had changed to appeal to the D.C. Court of Appeals. Judge Burgess was unknowledgeable about this change but refused to transfer it as timely. He showed prejudice and bias which I have been shown throughout this matter. The A.G. Offices which represents all city cases have been and are also aware of my pursuit for justice, Service ahs been sufficiently made even the investigation by EEOC and the Merit System's Protection Board, and the Office of Personnel Management (OPM) and further investigation by the U.S. Congress under Rep. Tom Davis' Office, investigator met with D.C. Inspector General Office, and former City Council member Vincent Orange Office representative (Donna Cooper, this investigation was complete) Now as a group of D.C. Government Injured Worker Committee we're seeking Rep. Charles Waxman's Office to look into this overall matter of the systematic and systemic issues with the Disability Compensation Administration by the Office of Risk Management from Chief Risk Officer Kelly Valentine. The Third Party Administrator and various employing agencies, of which D.C. Government is mine. The U.S. Justice Department has been requested to investigate this matter as well as the U.S. Department of Labor and the Office of Personnel Management. This is nothing new, but ongoing. Katny Patterson of the previous City Council during former Mayor Anthony Williams and Robert Bobbs term wrote a letter on my behalf to Clifford Janey, former D.C. Public Schools Superintendent of which the D.C. Government made a statement that he had not been served. Furthermore did he state this, if so it's false and produce it.

The court may allow a summons to be amended also. The complaint was filed with the clerk who also had summons issued and stated that's all I had to do upon filing the EEOC charge, which was prepared by the EEOC Office.

B. STANDARD FOR DISMISSAL PURSUANT TO FED.P.CIR.R. 12(B)(6) V. THE CASE BEING HEARD BASED ON THE FACTS, THE LAW, THE MERITS AND JUSTICE BEING SERVED.

The claim is stated

A motion to dismiss pursuant to Fed.R.Civ P. 12 (b)6 should not be granted to the defendants because the plaintiff can prove the facts and laws that would justify relief, and the defendant should not be entitled to judgment because there are allegation in the compliant that provide a basis for recover under the following violations of laws: (1) the Merit System Protection Act (2) The D.C. law 3-177, Compensation Act; (3) The Equal Employment Opportunity Act, (4) U.S. Constitution 14th Amendments, etc. (5) Civil Rights, (6) Civil Service Act, (7) Labor Management Relations Act, (8) Railroad Worker's Act, (9) Harbor Worker's Act (10) U.S. Code Retirement and Pension (11) Fair Labor Standards Act, (12) National Labor Relations Act, (13) Bill of Rights, (14)Labor Management Reporting and Disclosure Act of 1959 etc. (15) The Federal Administrative Procedure Act. (16) The D.C. Government Administrative Procedure Act, (17)

"Administrative agencies (Amer. Jur.2d) serve in part to effectuate the constitutional obligation of the executive branch to see that the laws are faithfully executed, the public interest is an added dimension in every administrative proceeding." It is up to the court to ensure property rights and liberty, as well as protect these rights'. The administrative process should guarantee the rationale upon which results is determine. This is not the case in this matter.

Note: Due to lack of access to a computer, the remainder is being resubmitted.

4.

Under §28 Quasi-judicial functions, administrative functions may be considered if a hearing is held, which involves a discretionary act of a judicial nature taken by a body empowered to investigate facts, weigh evidence and draw conclusions as a basis for official actions. Brown v. Board of Educ. Unified School Dist. No. 333 Cloud County 261 Kan. 134 928 P. 2d 57 114 2d. Law Rep. 1221 (1996). I hope that the court will do the following (1) investigate my disputed claim, and weigh evidentiary facts; (2) then apply these facts to a prescribed stang, and (3) a binding decision regarding the claim which is based upon the law, the facts and justice. In the administrative process of the action (1) there is clearly poor discretion, as well as (2) incompetence with misapplication of the law, with the termination of my employment and disability compensation benefits, all of which falls under The D.C. Public School System. The board order which terminated me from D.C.P.S., was found in my file after my disability compensation benefits were terminated. DCPS gave me no advance warning, only a delay and no procedural steps to follow, in order to reverse the termination, after over 27 years of

5.

tenure, and almost 7 years of disability compensation bene-fits. All of this action, is wrong-ful and harmful, which deprived me of my Constitional Rights of "Due Process," "Life Liberty and the Pursuit of "Happiness," "Equal Justice Under the Law," just to name a few. There was no opportunity to appeal. My disability compen-sation benefits were terminated, as well wrongfully. No proper notice was given in either event. No opportunity for investigation, review, reconsideration, or even a hearing. In the case of the disability compensation benefits being terminated, wrong-fully, as well, with no opportunity for a review, reconsideration, a rehear-ing, a reversal or controversion in my favor. The hearing itself on the administrative level was not a eviden-tary hearing but the following occurred; (1) omission of evidence; (2) altering of evidence; (2) conceal-ment of evidence which has resulted in obstruction of Justice at each level of the administra-tive level, into the judiciary levels, as well. There are defects in both the administration process which have reached the judiciary levels. Amer Jurs. 2d. §32. With Lawyers,

6.

which have mounted to over 300,
in the Metropolitan D.C. area, who
have stated that they dont
want to get involved in D.C. Public
Sector classes because they
a held up and they loose money.
This is a further injustice,
and the few who do what huge
sums of money up front.

Rule 12(b)(6) of the Fed. R. Civil Pro.
should not be applied here, because
the plaintiff will be able to prove
the set of facts that justify long
overdue relief from the oppression
of the D.C. Gov't. There are allega-
tions in the complaint which are ob-
vious and prove themselves which
obviously are a basis for recovery.

There are conclusions of law
that are not bare, but have depth.
The D.C. Gov't has deprieved me of
my Constitutional rights and privi-
ledges. My American Dream has turn-
ed into a nightmare after giving
my youth, dedication, commitment,
and loyalty to the D.C. Gov't. Is
this fair and just? I say no!
and so should the law.

A hand book of rights and the
law, would be beneficial to every
D.C. Government employee. This wasn't
the case for me, and a handbook
of the D.C. Teacher's Retirement Plan

7.

wasn't published until 2002, and there still isn't a handbook for the Disability Compensation Program, which is being administered by the Office of Risk Management (ORM) and the Third Party Administrator (TPA), but it appears that the City Council never approved this transition, or even the U.S Congress. The D.C. Gov't has been ruthless, and reckless under the administration of former Mayor Anthony Williams and City Administrator Robert Bobb, and Mayor Adrian Fenty and City Administrator Dan Tangherlini have their hands full but it's their duty to do; along with the D.C. City Council.. Additionally, the D.C. LAW 3-177 have been changed, and altered, according to add the Office of Risk Management to make the program more complex. The Compensation Act is Part of the equation, which both fall under the Merit System Protection Act.

The Private Sector remains at The Department of Employment Services and that program has a handbook, as well as the Federal Compensation Program, but

8,

the Public Sector is still deprieved of a hand book or manuel, and it's been stated in a hearing that there is a pamphlet now in 2007.

The D.C. Gov't has stolen apart of my life and I want to recover. The rules of civil procedure contemplates administrative decisions of controversies on merits without unreasonable delay, rather than dismissal there of on technicalities. Moore v. Illonois Cent. R. Co. D.C.Miss. 1938 24 F. Supp. 731; Dean v. Michigan Processed Foods D.C. Mich. 1946 5 F.R.D. 508. There is an underlying philosophy of these rules is that issues be submitted to the courts on the MERITS. Burke v. Fine Under-writers Ass'n. D.C. Mo. 1958, 21 F.R.D. 583 Furthermore, the general purpose of these rules is to see that actions are tried on MERITS and to dispense with technical procedural problems, as the D.C. Gov't attempts. DeFranco v. U.S. D.C. Cal. 1955, 18 F.R.D. 156, In furtherence of these rules, the purpose of these rules is to strike from judges, and litigants useless shackles of procedure to the end that a fair trial of essential questions may be had and the trial court is vested

9.

with broard discretionary power, so
long as the action is not inconsistent
with substantial justice, which
has          in my deprivation
so faer. Glaspell v. Dan's D.C.
or 1942, 2 FRD.

10.

1. Counter Argument of the Plaintiff. She has not failed to effectuate proper service to the defendant Clifford B. Janey, who is no longer the superintendent of D.C.P.S., therefore the new superintendent, may have to stand in for him.

Additionally, a waiver of service can be issued by the court and if necessary it is requested.

Clifford Janey has been fully aware of my concerns and desire to sue, and my intent as follows: (1) through my own initiative; (2) through Kathy Patterson's Office former City Council Chair of the Education Committee; (3) through the Mayor's Office; (4) other City Council members such as Vincent Gray the present chairman of the City Council, as a whole and chair of Education Committee (4) through the Washington Teacher Union, who has been of no assistance to me in this matter but a hinderance.

11.

Additionally, has Clifford Janex written a notarized statement say that he was not served? Evidently, he received the notice after an employee E.B lis received the summons for him and he/she had authority to do so.

Under Rule 5 of Federal Rules of Civil Procedure allows for mailing summons and pleadings etc. There are numerous ways to serve individuals, companies, and the government, etc. as well as officials. Rule 5 (a)(i)(2)(A)(i)(ii)(iii)(B)(c)(D)(3)(c)(d)(e). outlines service. Mailing is appropriate and it was appropriate in this manner even the court's mailing of service. Proof of service was made, and personal service was not called for. The fact that the document was received was proof. Coblantz v GMC/Freight Lines, Inc. General Motors Corp. M.D. Ala 1989, 724 F. Supp. 1364, affirmed 932 F. 2d. 977,978. Validity of service is established, under Rule 4 states that proof of service does not effectuate the validity of service. Hale v. Morgan

12

Packing Co. D.C. Ill. 1950, 91 F. Supp. Ill. It's further stated that proof of service of process did not require dismissal of action where defendants were not prejudiced in that they appeared to have been personally served, and were quickly made aware of the lawsuit against them. The court may require additional summons to be served and this allows a plaintiff to cure defects in the manner of service if it is needed. Cambridge Mat. Fire Inc. Co. v. City of Claxton, Ga. D.C. Ga. 1982, 96 F.R.D. 175, affirmed 720 F. 2d. 1230,

Under Rule 28 of Civil Procedure states that fair notice of the nature and theory of the claim alleged, have been given and rules do not require adherence to technical rules of pleading, and it does not obviate a need for alledging facts and circumstances (U.S. v. Communist Party of U.S. of America D.C.N.Y. 1962, 209 F. Supp. 132 Pleadings are not to be given strict construction in the district court. Consolidated Electric Co. v. Employers Mutual Liability, Inc. Co., D.C. Mo.

13.

1952, 106 F. Supp. 322, These Rules are specifically designed to be flexible enough to allow substantial justice to be done in any given case." Horwitz v. Food Towne, Inc. D.C. La. 1965, 241 F. Supp. 1., affirmed 367 F.2d. 584. Congress has statutory power to supersede any or all of these rules and congressional intent is very possible.

Within in the sound discretion of the court, service to Clifford Janey on behalf of E. Belis, (who ever he/she is should be given to the court and the Plaintiff as well as his/her title and authority, and wasn't. Why?). should be accepted according to legal principles (U.S. v. Att. Fisher Lumber Co. C.C.A.S.C. 1947, 162 F. 2d. 872 S110 Repeal of limitations

14.

2. <u>Plaintiff's Complaint does comply with Fed. P. Civ. R. 10, and a dismissal is not in order, or proper.</u>

There are provisions for Rule 10 and again the D.C. Government seeks dismissal not based on the facts, which are not knew to them, as well as the Law not being adhered to but violated repeatedly with ways to escape the truth, but not face the truth (the facts) and apply the Law adequately, enclosed are testomonees before the City Council, Correspondence to the Mayor, and filings.

SUMMARY AS AMENDED

1) I served the D.C. Govt as an Art Teacher and as a part-time administrator/supervisor for 27 years + and awarded disability compensation benefits for almost 7 years, I was wrongfully, fradulently and erroneously terminated by my employer D.C.P.S. without just cause.

2) My disability compensation benefits were wrongfully

fraudulently, and erroneously terminated without just cause, and without due process.

3) There have not been and were no outlined procedures steps set by D.C.P.S or the D.C. Gov't, and the Gov't has not published a hand book of rights or laws for the public sector employees, for employment or disability compensation. A handbook for the D.C. Teacher's Retirement Plan was not published until 2002. There is no handbook for the public sector employees, while there is one for the private sector and the Federal of course has one,

4) Subsequently, it appears that since, I filed a disability compensation case and was awarded a permanent injury, the D.C. Gov't has sought any means necessary to violate my Constitutional Rights, Civil Rights, Age Discrimination in Employment Act of 1967 as amended, my race (Black) in violation Title VI of

Civil Rights Act of 1964, as amended
because of my disability in viola
tion with Disabilities Act of 1990
as amended and as outlined
for me by the Equal Employment
Opportunity Commission right
to sue statement,

5)    My stakeholder Rights, Vested
Interest Rights, Property Rights,
and Tenure has been stolen
from me by the D.C. Government
without any aide in assisting
me but by shutting every
door that's posible because
I could receive benefits, in-
difinetly or for a life time,
which they have blocked
and continue to block so
that the FACTS AND THE
MERITS   +  be heard
but dismissed,

6)    The D.C. Gov't continues to
violate D.C. LAW 3-177, Com-
pensation Act (as Amended
in 1978-1979) which derived
from the U.S. Department of
Labor's Merit Personnel
System, and my retirement
would have come from the
U.S. Treasury (OPM) I discovered

17

that I had Civil Service Status
in 2006, which the D.C. Govt
concealed from me.

7) These laws and statues have
been violated by Bad Faith
Claims: Unfair and Unjust
Labor Practices. (1) US. Constitution
Due Process, Equal Protection
Under the Law et. (2) Fair
Labor Standards Act of 1938
(29 U.S.C. 201 et. seq.) 206(d). (3)
Age Discrimination in Employ-
ment Act of 1967 (29 U.S.C. 631,
633a). (4) Civil Rights Act of
1964 , 1964 (42 U.S.C. 2000e et.)
(5) National Labor Relations Act (5)
(1) July 5, 1935. (6) The Federal
Employers Liability Act. (7)
The Labor Management Report-
ing and Disclosure Act of 1959;
(8) The Labor Management Re-
lations Act; (9) Title 5 The Public
Health and Safety; Title 29;
Title 42; (10) Equal Employ-
ment Opportunity Act. (11) Merit
Systems Protection Act (12) Dis-
ability Compensation Act; (3) The
Railway Labor Act (45 U.S.C.
151 et seq.) (13) The Rail Road Act;
14) Walsh-Haley Act (41 U.S.C. 35 et.
seq.) (14) Americans with Dis-
abilities Act. (15) Bacon Act (40 U.S.C

18

276 et. sq.) (16) The Rehabilitation tc.
(17) Harbour Workers Act. (18) Federal
and D.C. Compensation Act.

DURESS

3. Defendant, District of Columbia Public Schools is suiyers and other School District have been Sued but even at that the D.C. Government is capable of standing alone, which covers all entities.

Documents which are issued by the D.C. Public School System state D.C.P.S. and the formality of the Board of Education is usually referred to the panel of elected officials who reside as Board officials. If the present control of the DCPS is vested in the Chancellor (superintent) and with the Mayor as he requested this year after ousting/firing Clifford Janey.

Damages which are compensatory for pain and suffering, punitive, and duress are sought which congress extends this right Brown v. Board of Education, Unified School Dist. No. 333, Cloud County 261 Kan. 134, 928, P.2d. 57, 114 Ed Law Rep. 1221 (1996)

Deprivation of rights federal rights and state Under Color of state Law Clearly exist (42 USCS 1983)

# UNIONS

20

~~The~~ Under Title 29 §401, Congressional declarations of findings, purposes and policy, there are standards for labor management relations and these are the findings as follows:

" The Congress finds that in the public interest, it continues to be the responsibility of the Federal Gov't to protect employees rights to organize, choose their own representatives, bargain collectively and otherwise engage in concerted actives for their mutual aid or protection, that the relations between employers and labor organizations and the millions of workers they represent, have a substantial impact on the commerce of the Nation and that in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations particularly as they affect labor management relations. My Union the National Washington D.C. Teachers Union has let me down in the past and presently. In essence under §501 their fiduciary responsibility to me as a union member has been less than adequate. ~~My~~

§501(a) In the past Union Reps. have embezzeled DC teachers assets from its members, while not protecting my rights

My retention of Rights §523 under the Federal and state Laws has been ₊ violated. My stakeholders rights, vested interest, property rights and tenure were stolen by the D.C. Gov't. Congress has set in place standards which and necessity to eliminate or prevent improper practices.

Under §41, Bill of Rights, Constitution and by laws of labor organizations I have (a)(1) Equal rights. (4) §411 (4) Protection of the right to sue.

Labor

U.S. Code - Retirement & Pensions

Title 29

§216. Penalties

(a) Fines and imprisonment
Section 215 of Title 29
Any person who willfully violates any of
the provisions of section 215 of this title
shall upon conviction thereof be subject
to a fine of not more than $10,000,
or to imprisonment for not more than
six months, or both. Imprisonment for
the second offense

(b) Damages; right of action; attorney's
fees and cost; termination of right
of action.

"Any employer who violates the provisions
of section 206 or section 207 of this title
shall be liable to the employee or
employees affected in the amount of
unpaid minimum wages, or their unpaid
overtime compensation, as the case may
be, and in additional equal amount as
liquidated damages" Under 215(a)(3) this title any
employer who violates the provisions of this
section including without limitation
employment, reinstatement, promotion
and the payment of wages lost and
an additional equal amount as
liquidated damages. An action to re-

19

Mental Suffering also has resulted with undo stress aggrevation § 108, under § 411 (40) Protecting the right to sue which is to be secured by this provision, and retentioning rights exist § 413, and § 523 under state and Federal and state Laws.

I've been robbed of my benefits, entitlement, and vested interest, and tenure as a stakeholder, as in a conspiracy to defraud me § 524. I deserve equal rights as the Bill of Rights provides under the U.S. Constitution, § 411 (a)(1).

Under the D.C. Gov't the Retirement Income Security Program was violated in regards to my benefits, rights, which in which my retirement would have come from the U.S. Treasury.

23

cover the liability prescribed in either
of the preceding sentences may
be maintained against any employer
(including a public agency) in any
Federal or State court of competent
jurisdiction by any one or more em-
ployees for and in behalf of herself
or themselves and other employees
similarly situated. A party to this
action who is a plaintiff must
file in the court to which it is
brought. The court in such action
shall, in addition to any judgment
awarded to the plaintiff(s) allow
a reasonable attorney's fee to be
paid by the defendants, and costs
of the action.

806-463-302?

24th

of Civil Procedure or some law state
rules, a motion to dismiss is not a
proper method of raising the defense
of limitations. Cross v. Lucius, 713 F 2d,
153 (5th Cir. 1983); Williams v. Coughlan,
17 Alaska 147, 244 F. 2d, 6 (9th Cir. 1957);
de Marrais v. Community College of
Allegheny County, 407 F. Supp. 79 (W.D. Pa
1976); Gillis v. F & I Enterprises, 934
P.2d 1253 (Wyo. 1997). There are issues of
fact in my cause of action
and my claim should not be
dismissed, under §411 as the D.C.
Govt seeks. (Cross v. Lucius, 713 F. 2d, 153
(5th Cir. 1983)

Arbitrariness and irrationality has been
shown by the D.C. Govt which clearly has
latest and continues to violate the
Americans with Disabilities Act.
It wasn't until May of 2006, through a
Mayoral Order 2006-58, designated
the Office of Risk Management to
coordinate the Americans with
Disabilities Act (ADA) compliance Program to
the District of Columbia. (see Kelly
Valentine, Interim Chief Risk Officer
of the Office of Risk Management
where the Disability Compensation
Program has transferred to, apparent-
ly without the City Council's approval
or the U.S. Congress.
In the administrative process
of social security benefits

25

Administration § 405 Evidence
procedures and certification of
payments. Under § 405 (b) Adminis-
trative determination of entitlement
to benefits, findings of fact, hearings,
investigations; evidentary hearings
in reconsiderations of disability
benefit terminations, subsequent
applications. What is the D.C.
Gov't's stance procedural in Dis-
ability Compensation cases,
which are interwoven with
retirement pensions (regular)
As under the Social Security Administration
I have a right to the facts being
known and my rights being known
for payment under the disability
Compensation program and
my employer D.C. Public
Schools D.C. Government.
My determination of disability
was, and is stated by my
treating physicians. A state-
ment of the case has been pre-
sented to the D.C. Government
over and over again.
         The confusion with the D.C.
Government Employment (Agency)
and the The Disability Compensa-
tion Program, which is administered
by, stems from the fact that rights
and laws are concealed by individuals
with no handbooks or manuels.

26

In regards to a Federal-State relationship, a Federal action super-cedes a State action in regards to age and disability. Is the District of Columbia Gov't. seeking a quick way to get rid of my case, so that the law and the facts are strained in it's aid? Wheeler v. Castor, 11 N.D. 347, 92 N.W. 381 (1902); O'Malley v Sims, 51 Ariz. 155, 75 P. 2d. 50, 115 A.L.R. 634 (1938); Pappas v. Braithwaite, 117 Mont. 569, 162 P. 2d. 212 (1945); Solving Statues of Limitation Problems 4 Am. Jur. Trials 441. All issues in regards to employment should be healed as follows; wrongful termination of employment; wrongful termination of disability compensation, as well as all surrounding issues, which encompass this matter.

27

**4.** Individually name defendants can be held liable under Title VII and other statues if ~~ABUSE~~ of ~~AUTHORITY~~ exist, and Injustice, As well as other statues.

Ultimately the D.C. Gov't is responsible for the "fraud and injust" which was perpetrated upon me as an employer, but Janey in his official capacity and now the "Chancelor" of DCPS is ~~res~~ further responsible. The discrimination claim under Title VII of the Civil Rights Act of 1964 against the individual named Defendant, Clifford B. Janey was written up by EEOC, who is well aware of who can be liable along with the D.C. Gov't. Janey acted in his official capacity, not to answer Keethy Patterson letter, ~~was~~ former City Council Chair over DCPS, but passed it on to Tommy Demasi, the Director of Human Resources, Additionally, he the union Vice President of the Washington Teacher's Union, Saunders stated that teacher's retirement was miscoded and some teachers didn't have any retirement, while some others had a lesser amount place into the retirement system. This

28

particular union representative
failed to help me with the
termination of my disability
benefits as well as employment,
and stated that the the union
didn't assist with these issues.
As stated further, the Wash. Teacher's
union abused their fiduciary power.

the Attorney General's Office states [29]
that
5. The defendants are entitled to
Judgment as a Matter of Law because
plaintiffs claims are statutory
time barred but this is not
the case.

A Title VII plaintiff should file a
charge of discrimination with the
EEOC within 180 days after the
alleged discrimatory act when
known and when or known of his/
her rights. The EEOC gives a plaintiff
a right to sue after the 180 days
has expired. Amer. Jur. 2d states
that there are advantages of Administrative
process. One of the purposes of
the administrative remedies is to
enable parties to resolve their
disputes in a less cumbersome
and less expensive manner than
is normally encountered at a trial
in court. Burke v. Board of Trustee
of Police Pension Fund of City of
New Orleans, 367 so. 2d. 849 (La.
1979) This is not the case with the
D.C. Gov't, which has made my
case and claim controversial,
conflicting, and cumbersome and
by forcing me into court, rather
than the case/claim being heard
on the MERITS. It's stated that
the administrative proceedings

31.



O'Malley v. Sims 51 Ariz. 155 75 P.2d. 50, 115 A.L.R. 634 (1938); Pappas v. Braithwaite, 117 Mont. 569, 162 P.2d. 212 (1945). Relief comes from Am. Jur.2d, Judgments §§ S 784. The D.C. Government attempts to use statue of limitation as a procedure to have my case dismissed but in this matter it is not equitable. No restriction further restrictions should be placed on this matter. The D.C. Government has done enough to myself and my children. I had and have federal civil service status. The question is

# Statue of Limitations    32

§ 1 Generally, at common law, there were no fixed periods for the commencement of suits. Today time limitations during which a claim may be asserted exist only to the extent that they are created by a statue. In other words, limitation periods are creatures of statue, and not of common law." Acxiom Corp. v. Leathers, 331 Ark 205, 961 S.W. 2d 735 (1998).

§ Because of the fact that statue of limitations is a personal defense, that the D.C. Gov't chooses to elect, it is not compulsory but optional, due to the fact that they don't face plaintiffs head on but attempt as they think to win on a dismissal, "because they can't win based on the law and the facts. Tolbert v. City Birmingham 262 Ala. 674, 8l So. 2d. 336, 63. A.L.R. 2d. 901 (1955); Gurske v. State, 165 Neb. 882, 87. NW. 2d. 703 71 ALR. 2d. 1044 (1958); Summers v. Connolly, 159 Ohio St. 396, 50 Ohio Op. 352 112 N.E. 2d. 391 39 A.L.R. 2d. 661 (1953). The court should have every opportunity to hear a case where justice, has been deprieved of and which continues to be deprieved of.

**34**

may be had and trial court is vested with broad discretionary power so long as it's action is not inconsistent with substantial justice. Glaspell v. Davis D.C. or. 1942 2 F.R.D. These rules contemplate decision of controversies on merits without unreasonable delay, rather than dismissal thereof on technicalities. Moore v. Illinois Cent. R. Co. D.C. Miss. 1938 2 4 F. Supp. 731; Dean v. Michigan Processed Foods D.C. Mich 1946, 5 F.R.D. 508.

It's the fundamental philosophy of rules, is that issues be submitted to courts on the merits. Burke v. Fine Under writers Assn. ~~Burke v. F~~ D.C. Mo. 1958, 21 F.R.D. 583. The general purpose of these rules is to ensure that actions are tried on merits, and to dispense with technical procedural problems. De Franco v. U.S., D.C. Cal. 1955 18 F.R.D. 156.

51 Am Jur. 2d. § 214 under Duress or undue influence grounds, the statue of limitations does not begin to run against an action for relief on the grounds of duress by threats while the mind of the aggrieved party continues to be dominated by the threat. Additionally, under these conditions the operation of the statue

DURESS

34

US Congress has a part in issues, which relate to the Federal Gov't employees; (2) Postal Workers; and (3) D.C. Gov't employees with Civil Service Status. Under §180, unless this principle or the discovery rule applies, a plaintiff's ignorance of the facts does not toll the statute of limitations unless that ignorance was due to either the inherent unknowability of the claim or due concealment by the defendant; Bennet v. U.S. 36 Fed. Cl. 111, 68 Empl. Prac. Dec. (CCH) ¶44217 (1996); Bellamy v. U.S. 7 Cl. Ct. 720 (1985) 51 51 Am Jur 2d The right to sue, X.A §216 Generally refers to the right to sue after the removal of the disability, which the U.S. guarantees Vyel v. Lincle, 23 F.3d 78, 44 Soc. Sec. Rep. Serv. 381 (4th Cir. 1994); Lametta v Conn. Light & Power. Co, 139 Conn. 218, 92 A.2d 731 (1952); Young v Napolean Bd. of Edn., 93 Ohio App. 3d 25, 637 N.E.2d 393, 92 Ed. Law Rep. 969 (3d. Dist. Henry County 1994)(see §217) Barlett v. Elgin, 973 P. 2d 694 (Colo. Ct. App. 1998), reh'g denied, (Aug. 20, 1998) and cert. granted, (Mar. 29, 1999) and judgment aff'd, 994 P.2d 411 (Colo. 1999); Biritz v. Williams, 262 Kan. 769, ¶ 42 P. 2d 25 (1997); Talley by Talley v. Portland Residence, Inc. 582 N.W. 2d 590 (Minn. Ct. App. 1998).

866-463-3021

**35**

of Civil Procedure or similar state rules, a motion to dismiss is not a proper method of raising a defense of limitations. Cross v. Lucius, 713 F. 2d. 153 (5th Cir. 1983); Williams v. Coughlan, 17 Alaska 147, 244 F. 2d. 6 (9th Cir. 1957) deMarias v. Community College of Allegheny County, 407 F. Supp. 79 (W.D.P. 1976); Gillis v. F & A Enterprises, 934 P.2d 1253 (Wyo. 1997). There are issues of fact in my causes of actions, and my claim should not be dismissed, under §411, as the D.C. Gov't seeks. Cross v. Lucius, 713 F. 2d. 153, 5th Cir. 1983). A waiver of process §§ 370 et. seq., also exts stands and other forms of process can stand.

My case would have been heard, but the D.C. Gov't has repeatedly sought to dismiss my case on lack of jurisdiction, §29, then time barred, and re adjudicate beginning with the judicial system of the D.C. Superior Court, which I stated was bias to my case, as well as impartial and the D.C. Court of Appeals likewise. A reversal, controversial of my was Worken Comp. case had been repeatedly requested - to no avail. No final judgment on the merits has been reached in the Worken Comp case or the employee issue, and in fact my disability comp benefits could have been for an unlimited time period, as the law allows, for permanent injuries.

Compensatory Damages, Duress Damages
Punitive damages
Damages are in order per the District of Columbia Codes.
in order
#50a

Civil Right 42 S 2000 e 5 (6) My
administrative charge with EEOC
was filed after the fact due to me
not knowing my civil service rights.
after my if charges, are terminated or
dismissed by EEOC, then complainant has
the right to sue, even under ADEA. Age
Discrimination in Employment Act (ADEA)
Unfair Labor Standards Act is apparent
here. The III section requirements
state that, right-to-sue letter be received
before employment discrimination action
can be brought applies to proceeding,
under Americans with Disabilities Act.
Kent v. Director, Missouri Dept. of Ele-
mentary and Secondary Educ. and Dir. of
Vocational Rehabilitation, E.D. MO. 1942,
712 F. Supp. 59, remanded, 989 F. 2d
503, Civil Rights 1991.

Under Civil Rights 42 S 2000 e 5 (3)
It states that units of District of Columbia
Gov't, agreement are governed by
S 2000 e-16 of this title dealing with
federal employment while other de-
partments or agencies are subject to this
section pertaining to employees in
private sector and in state and local
governmental services "Congress, Further-
more it's stated that Congress circum-
dividing line in nature of entity, not in
character of grievance. Bethel v.
Jefferson, C.A.D.C. 1978, 589 F. 2d 631,
199 U.S. App. D.C. 108 Civil Rights 702.1

39

6. DAMGES are in der Against. D.C. Government as outlined.

a. Compensatory
b. Accumulative
c. Actual
d. Added
e. Irreparable
f. Additional
g. Benefit of Bargin
h. Consequential
i. Continuing
j. Lost Expectation
k. Direct
l. Discretionary
m. Double
n. Enhanced
o. Estimated
p. Excessive
q. Future
R. General
S. Hedonic
T. Inadaquate
U. Incidental
V. Lawful
W. Loss of Bargis
X. Multiple
X. Reliance
Z. Rescissory
1. Distirtion
2. Statutory
3. Substantial

41

I have received desparate treatments at the hands of the D.C. Government There has been discriminary intent and Liability rest in both places (42 § 2000e-5 (10) Under equal rights of all citizens within in 1981 and Defendants discriminary intent is further exercised by their frequent motion to dismiss.

It's sorrowful that Attorney General's office is aiding the Gov't, which I guess is their job, when in the past it filed a lawsuit against a mortgage co. that which defrauded to millions from D.C. homeowners Cet yet my real property and personal property stolen from the due to my employment with the D.C. Court and also my work-related injuries, resulting in My life style being totally altered. the systematic and systemic broken employment system(s) within the D.C. Government following separation of the U.S. Labor Department of Labor in 1978-1979, at a request by D.C. for Home Rule, has left disparity This must change and end

38

The motion to dismiss under §410 51A.J.R.2d. is not in order. The Federal Rules of Civil Procedure or similar state to rule, a motion to dismiss is not a proper method of raising the defense of limitations. Mormjay v. Twentieth Century – Fox Film Corp, 13 F.R.D. 122 (W.D., Mo. 1952), Berensen v. McIver, 126 Cal. App. 2d 347, 272 P.2d 76 (1st Dist. 1954), Davis v. Bonebrake, 135 Colo. 506, 313 P.2d 982 (1957), Johnson v. Wells – Lamson Quarry Co., 103 A 475, 156 A., 681, 77 A.L.R. 492 (1931). Under 29 §626 Extension of Lim. statue of Limitations EXIST,

Under Rule Wrongful Discharge §3 and §4 the (52 A.J.R.2d.) there are exceptions to statutory exceptions for government workers to over came the at-will-doctrine of an employer to terminate an employee. Discharge of a public employee invalid if it violates a Constitution right – Due Process of the Law etc. (Pickering v. Board of Ed. of Tp. High School Dist, 205, Will County, Illinois, 391 U.S. 563, 88 S. Ct. 1731, 20 L. ed. 2d 811 (1968). Furthermore, public employees have procedural due process rights applicable to their termination if they have a property or liberty interest in their job (Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 St. Ct. 1148, 71 L. Ed. 2d 265 (1982). Federal Courts recognize property rights.

36

Under § 218, Purpose of exception is to protect the legal rights of persons with disabilities. Like the § 219, Strict Construction; an exception with regard to the personal disability of a party has to be considered. (§§ 57, 172); Kelly v. Marcantonio, 187 F.3d 192 (1st Cir. 1999); Jacobs v. Baylor School, 957 F. Supp. 1002, 117 Ed. Law Rep. 534 (E.D. Tenn. 1996); Bryant v. Associates Discount Corp., 251 Miss. 1, 167 So. 2d, 657 (1964) & Woodruff v. Shores, 354 Mo. 742, 190 S.W. 2d 994, 166 A.L.R. 957 (1945); Moore v. District 50 of United Mine Workers of America, 71 Ohio L.Abs 317, 131 N.E. 2d 462 (C.P. 1954). My disability should suspend the statue of limitations and it exist at the time of the action accrues. Jacobs v. Baylor School, 957 F. Supp. 1002, 117 Ed. Law Rep. 534 (E.D. Tenn. 1996) apply Tennessee law; Overstreet v. Wichita Falls & N.W.R. Co., 1918 OK 565, 73 OK la. 191, 175 P. 354 (1918); Rowray v. McCarthy, 48 Wyo. 108, 42 P. 2d 54 (1935). The disability did exist at the time of the cause of action and continues to exist.

Under § 410   The complaint states a cause of action upon which relief can be granted but the opposing party attempts to move to dissmiss anyway. Under the federal Rules

of limitations is tolled or suspended and the cause of action is deemed not to accrue until such time as the duress or undue influence ceases to exist. The D.C. Gov't has put me under duress, and undue influence continually by not allowing my case to be heard on the merits. Under §215 Plaintiff's ignorance of facts or law, in the event of fraudulent concealment, the statue of limitations does not commence to run until discovery of the wrong or of facts placing one on inquiry. (§183). My ignorance of the fact that I had civil service status and that my retirement, life insurance, and health insurance would have come from O.P.M. and the U.S. Treasury, and not the D.C. Government was not discovered until 2006. The letter from OPM will substantiate explain this fact, and the filing of my complaint with the Federal EEOC office not D.C. Gov't's EEOC, as with the Merit System Protection Board who stated OPM would have to pay a part in my retirement, which the D.C. Gov't concealed from me, like in the

Barnett v. Wells Fargo Nevada Nat'l
326 70 L.Ed 669 (1926)
Wells Fargo Nevada v. Nat'l Bank of San Francisco,
270 U.S. 438,
46 S. Ct. 326,
70 L. Ed.
669 (1926)'s
Wells Fargo Nevada Nat'l Bank of San v. Barndle, 298
689, 43 A.L
2d (C.C.A.
9th Cir. 1941)
270 U.S. 438, 46
S. Ct. 326,
70 L. Ed.
669 (1926)
Am Jur 2d
Duress and
undue
Influence
§23

33

Statue of limitations defense
is not highly favored §5 the public
policies on favor of repose and
of disposition on the merits are
strong.

rules        Uniformity of federal courts
is to see toring about uniformity
in federal courts by getting
away from local rules especially
as the matters relating to ad-
ministration of legal proceedings.
Lumbermen's Mut. Cas. Co. v. Wright,
CA-La 1963, 322 F. 2d. 759;
Morman v. Standard Oil Co., Dinsion
of America Oil Co. D.C. S.D. 1967,
263 F. Supp. 911; Hagy v. Allen
D. C. Ky 1957, 153 F. Supp. 302.
They It's stated that the purpose
of these rules is to supply federal
courts with independent and uni-
form systems of efficient pro-
cedures, and federal courts
are no longer governed by state
practice in matters of pleadings.
Karno Smith Co. v School
Dist. of City of Scranton, Lacka-
wanna County D.C. Pa, 1942 44F
Supp. 860. Furthermore, the purpose
Furthermore, the purpose of these
rules is to strike from judges and
litigants, useless, shackles of proce-
dure to the end that a fair
trial of essential questions may be

30

operate to the advantage, not only of the litigants but also to courts which are relieved of some matters on the docket. Burns v Board of Trustees of Police Pension Fund of City of New Orleans, 360 So. 2d 572 (La. Ct. App. 4th Cir. 1978) writ granted, 363 So. 2nd 534 (La. 1978) and judgment rev'd on other grounds 367 So. 2d 849 (La. 1979) I'm still entitled to matching pension funds, but the D.C. Government has blocked every attempt to receive these funds and the reinstate of disabled Compensation funds as well.

new paragraph — Additionally, the administrative service advantages are gained, which are not procurable by the judicial process including preventive action and decisions which persons can procure in advance by action. Guiseppi v. Walling, 144 F. 2d. 608, 155 A.L.R. 76 (C.CA. 2d. Cir 1944) judgment affirmed, 324 U.S. 244, 65 S. Ct. 605 89 L. Ed. 921 (1945). The facts Law and the facts should not be strained in the aid of the statue of limitations, as a defense Wheeler v. Castro, 11 N.D. 347, 92 N.W. 381 (1902). Solving statue of limitation problems, 4 Am Jur. Trials 441

40

In closing, this case has facts and merits which the court needs to address justly, and with the Law, I hope and pray that the court will be led to do so in the view of JUSTICE!

To GOD be the Glory, In GOD I Trust

Geraldine Talley Hobby

This document was served upon the D.C. Gov't on Nov. 16, 2006 by U.S. mail at 441 4th St. N.W. Sixth Floor South, Washington D.C. in the care of Linda Singer Attorney General for the District of Columbia, or any representative there of listed or approved to receive mail.

Mead

U.S. District Court for D.C.

(C.A NO: 07-1061 RMC)

This book was

Not

Published

until 2002

by

DHS

More Documents are Included
Others Will be added as Needed

# District of Columbia Teachers' Retirement Plan





# Summary Plan Description
## 2002



# Applying for a Disability Retirement Benefit

You can apply for a disability retirement benefit, or the Board of Education may order you to retire for disability.

To apply for a disability retirement benefit, you must submit an application to the Board of Education before you leave the DCPS system, or within six months of leaving the DCPS system.

Before your application for a disability retirement benefit can be accepted, you must have an examination under the direction of the District designated medical examiner of DCPS and you must be found to be physically or mentally incapacitated. If your disability is not permanent, you must be re-examined each year until you reach the age that would qualify you for a voluntary retirement benefit.

The Board of Education may order you to have a medical exam as often as it finds necessary to confirm your continuing disability. If you do not appear for a required examination, your retirement benefit will be suspended until your disability is determined or until you become eligible for a deferred retirement benefit (see page 15).

You must submit your completed forms to OHR with a statement from your doctor verifying your disability. OHR will send your application and doctor's statement to the medical examiner for the District of Columbia. That doctor will either call you in for an additional examination or approve your application based on your doctor's statement.

The Board of Education will review your application and send a request for Disability Retirement to the Washington Occupational Health Center (WOHC). WOHC will provide the final determination on your Disability Retirement. If approved, OHR will send the approved application to the benefits administrator.

## Disability Benefit Payments

The effective date of your disability retirement is the day after you stop being paid for work as a DCPS teacher. You will continue to receive payments until:

- you recover from your disability (if you recover before you are eligible for a voluntary retirement benefit);
- you earn more than 80% of the current salary for the position you held before you retired; or
- you die.

**If you are receiving disability retirement payments and you have not reached retirement age, you must notify the benefits administrator immediately if, in a calendar year, you earned 80% or more of the current salary for the position you held before retirement.**

Your disability retirement benefit payments will be restored on the first day of a calendar year following a calendar year during which you earned from wages and self-employment less than 80% of the current salary for the position you held before you retired.

If you recover from a disability before retirement age, you will be reappointed to a position equal or similar to any position with the D.C. public schools that you occupied before retirement. If you refuse this appointment, your disability retirement benefit will be terminated and you will receive a deferred retirement benefit when you reach age 62.

## Applying for Survivor Benefits

Your survivor must apply for a survivor benefit. If you are retired at the time of your death, your survivor must contact the benefits administrator. If you are not retired at the time of your death, your survivor must contact OHR.

### If You Die During Active Service

To receive a survivor benefit—payable if you die during active service—your survivor must submit a complete death benefits claim form (available through OHR) and provide the form, a copy of your death certificate, and proof of eligibility to OHR. OHR will then forward your application and supporting documents to the benefits administrator for processing.

### If You Die After You Retire

If you die after you retire, your eligible surviving spouse and eligible children must complete a death benefits claim form and submit your death certificate and proof of eligibility (such as a marriage certificate) along with other supporting documents, to the benefits administrator. The benefits administrator will process the application and start payments once they determine that your survivor(s) or beneficiary is eligible. Some payments that are received after the retiree's date of death must be returned to the benefits administrator before a survivor can receive payments of their own.

## If Your Claim is Denied
## (For Benefits Earned On or Before June 30, 1997—
## Federal Benefit)

The following procedures for a denied claim for a retirement benefit apply to those who receive payments from the Federal Retirement Fund. For information about claims and appeal procedures from the District Retirement Fund, see page 38.

If your claim for a retirement benefit is denied in whole or in part, the benefits administrator will notify you in writing. The notice will advise you of your right to request reconsideration of the denial and the time limits for doing so. You must submit your request for reconsideration to the benefits administrator in writing within 60 days from the date of the denial. Your request must include:

• your name;
• your address;
• your date of birth;
• the claim number (if applicable); and
• a statement of the basis for the request.

If the benefits administrator denies your request for reconsideration, the decision must:

• be in writing;
• provide adequate notice of the denial, explaining the specific reason for the denial in an easy-to-understand manner; and

- provide notice of your right to appeal the benefit administrator's decision to the Treasury Department, the address where the appeal must be submitted, and state that the appeal must be received by the Treasury Department within 60 days from the date of the reconsideration decision.

If you submit an appeal to the Treasury Department, your appeal must include the same information as your original request for reconsideration. The Treasury Department must receive the appeal within 60 days from the date of the reconsideration decision.

The Treasury Department's final decision on the appeal must be in writing and must fully set forth the Treasury Department's findings and conclusions on the appeal, and must contain notice of the right to judicial review of the decision.

### Judicial Review
An individual whose claim has been denied (in whole or in part) by the Treasury Department in a final decision may file a civil action in the United States District Court for the District of Columbia. The action must be filed within 180 days of the date of the final decision from the Treasury Department.

## If Your Claim is Denied
## (For Benefits Earned After June 30, 1997—
## District Benefit)
If your claim for retirement benefits earned after June 30, 1997 is denied in whole or in part, you will receive a written notice of the denial from the District of Columbia within a reasonable amount of time after you file your claim, generally 90 days. The notice of denial will include:
- the specific reasons for the denial;
- the provisions of the applicable statute, regulations or fund procedures on which the denial is based; and
- an explanation of the steps you can take to submit a claim for review.

You have the right to a full and fair review of a claim that has been denied. This includes the right to review relevant documents. To obtain a review, you must submit a written request to the Mayor within 60 days after the denial, stating the basis for your request. The Mayor has 90 days to decide but may take as long as 120 days if notice is provided to the claimant. The decision on review must be in writing, include specific reasons for the denial and provide references to the laws, regulations or procedures on which the denial is based.

### Judicial Review
You have the right to file an action in the District of Columbia Court of Appeals to obtain a review of the final decision on your request for review.

# Frequently Asked Questions for Survivors

### 13. Where do I report a death?

Contact the benefits administrator. The benefits administrator will send you a checklist of forms that are required to set up a survivor for an annuity. Some payments that are received after the retiree's date of death must be returned to the benefits administrator before you can receive payments of your own.

### 14. What will my benefit be as the surviving spouse?

The benefit for a surviving spouse is calculated in different ways depending on whether the teacher dies before or after retiring.

For teachers who die before retirement, the survivor benefit will be equal to the greater of 55% of the annuity the teacher would have received using the teacher's average salary and years of service at the time of death or a minimum amount established by law. See page 24 for more details and eligibility requirements.

For teachers who die after retirement, the survivor annuity is based on the election that the retiree made upon retirement. The teacher had three different options for determining how much of the annuity would be set aside for you.
- Unreduced Life Annuity: There are no survivor benefits;
- Reduced Annuity with Maximum Survivor Annuity: 55% of the unreduced annuity is paid to the survivor; or
- Reduced Annuity with Partial Survivor Annuity: The retiree elected an amount that would be paid to the surviving spouse—not to exceed 54% of the unreduced annuity. See page 28 for more information.

### 15. How long can a surviving spouse receive the survivor benefit?

A surviving spouse is eligible to receive a survivor benefit for his or her lifetime unless he or she remarries before reaching age 60.

### 16. How long can an eligible child survivor receive a survivor benefit?

An eligible child survivor will receive a survivor benefit until the earliest of the following occurs:
- the child dies;
- the child marries; or
- the child turns 18, or if a full-time student, age 22 or 23, depending on date of birth.

If the child is a full-time student, the child and the academic institution must complete a Student Certification Form (available from the benefits administrator) every semester. If the student remains in school, he or she can continue to receive an annuity up to the age of 22.

Payments to an unmarried child who is incapable of self-support because of a mental or physical disability that occurred before age 18 will end when he or she marries, recovers from the disability, or dies—whichever occurs first.

EEOC

Outline briefly

some of my concerns

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| RECEIVED | |
| U.S. COURT OF APPEALS FOR THE D.C. CIRCUIT | 570-2006-01636 |

D.C. Office Of Human Rights
*State or local Agency, if any*

AU MAY 22  PM 5: 43

FILING DEPOSITORY

and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Geraldine Talley Hobby | (301) 254-1409 | 06-13-1945 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 441972 | Fort Washington, Maryland 20749-1972 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DC PUBLIC SCHOOLS | 500 or More | (202) 724-8062 |

| Street Address | City, State and ZIP Code |
|---|---|
| 825 North Capitol Street, N.E., 9th Floor | Washington, DC 20002 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [X] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **1995** *Retroactive to 1992*  Latest: **07-11-2006**
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by D.C. Public Schools in 1967 as an Art Teacher. By 1969, I had tenure. In 1986 and 1990, I suffered injuries which left me with a disability and several restrictions including, but not limited to bending and lifting. In 1995, I was suddenly terminated while I was still injured. My termination was made retroactive to 1992. As a result of the termination, I was unable to retire and draw full benefits which I had accumulated and was entitled to receive after three decades of teaching. The termination also stopped my workers' compensation benefits. I have tried to obtain information regarding my benefits from D.C. Public Schools and have received no response. On July 11, 2006, I again tried to obtain information and to date have not received any. I believe that I have been discriminated against and continue to be discriminated against because of my age (50/61) in violation of the Age Discrimination in Employment Act of 1967, as amended, my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct. 28, 2006 *Geraldine Talley Hobby*
Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2007 MAY 22 PM 3 43
FILING DEPOSITORY

| | |
|---|---|
| To: Geraldine Talley Hobby<br>P.O. Box 441972<br>Ft Washington, MD 20749 | From: Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-01636 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0713 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R Hutter* (signature)

Enclosures(s)

**Dana Hutter,**
**Director**

FEB 23 2007

*(Date Mailed)*

cc:
Gerrie Mccottry
EEO Officer
D.C. PUBLIC SCHOOLS
825 N. Capitol St., N.E.
9th floor
Washington, DC 20002

2

D.C. Public Schools

Tenure

of

Service

Termination of Employment



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
*Office of Human Resources*
825 North Capitol Street, NE, Sixth Floor
Washington, DC 20002-4232
Office: 202/442-4080, Fax: 202/442-5317
www.k12.dc.us

**Date: September 6, 2001**

To Whom It May Concern:

This is to certify that **Ms. Geraldine V. Hobby    (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 )** was employed
                   (Name)                (SSN)
with the District of Columbia Public School System as follows:

| Date | | Job Status | | | |
|---|---|---|---|---|---|
| **From** | **To** | **Time Service** | **Job Title** | **Pay Schedule/Grade** | **Salary** |
| 01/09/67 | 05/04/92 | 25 Years 7 ½ Mos. | Art Teacher | ET-15C/OY | $49,678.00 Annual |

Please call (202) 442-5366 if further information is needed.

*Mrs. Mabel E. Davis*
Mrs. Mabel E. Davis,
Verification Specialist



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

**PERSONNEL ACTION**

PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

ORIGINATING AGENCY  G A    D.C. PUBLIC SCHOOLS

| TRANSACTION CODE | | | 009 | 3. DATE/ACTION NO. | 4. EFFECT. DATE |
|---|---|---|---|---|---|

SOCIAL SECURITY NUMBER  002    2 NAME  008   1 MJC
226664279    HOBBY  013  LAST    GERALDINE  FIRST    V  MIDDLE
2A  1 MR  3 MISS  2 MRS  4 MISS  3
009  3 5135090740
MO 05 DY 04 YR 92    236

7. DATE OF BIRTH  221    06 13 45    8. PHYSICAL HANDICAP  06

5. DEPARTMENT  EDU6117    ELEMENTARY EDUCATION
6. ADDRESS  014  STREET  MARLIN  LA
CITY  015  STATE  CAMP SPRINGS MD  ZIP  20748  238

9. VETERANS PREFERENCE  1 NONE  3. 10 PT DISAB  2. 5 PT.  4. 10 PT. COMP.  5 10 PT OTHER  01

EMPLOYMENT DATE  223
MO 01 DY 09 YR 67

10. NATURE OF ACTION/CODE  TERM. WORKERS COMPENSATION  G A 9 1 6
NTE DATE  232  MO DY YR    11. AUTHORITY  5 DCMR CHAPTER 10  086
15. HEALTH BENEFITS CODE  081  105

12. SERVICE  222  COMP DATE  MO DY YR  01 09 67
13. DL SERVICE  COMP. DATE  MO DY YR  01 09 67
14. FEGLI REGULAR  084  1
FEGLI OPTIONAL  1. UNDER 35  2. 35-39  3. 40-44  4. 45-49  5. 50-54  6. 55-59  7. 60 AND UP
CARRIER CONTROL NO.  080

| 16. FROM POSITION TITLE AND NUMBER | 17. PAY SCHEDULE | SERIES | 18. GRADE | STEP | 19. SALARY | FLAG | TIME SERVICE |
|---|---|---|---|---|---|---|---|
| TEACHER ART ELEMENTARY | ET | 10480 | 15 C | 0Y | 4665A | PA | 15 |

20. ORGANIZATIONAL UNIT  KIMBALL  5576    SCHOOL - TENURE IN SYSTEM  PERMANENT

21. PAYROLL ORG. CODE  72101576    PAY GROUP 6    TENURE IN POSITION  PERMANENT

70012037A

22. TO POSITION TITLE AND NUMBER

23. PAY SCHEDULE  SERIES  225    24. GRADE  031    STEP  032    25. SALARY  033  FLAG    TIME SERVICE  043

26. ORGANIZATIONAL UNIT

SCHOOLS - TENURE IN SYSTEM

27. PAYROLL ORG. CODE  004

TENURE IN POSITION

28. LABOR DISTRIBUTION RULE IS CERTIFIED CORRECT

AGENCY CONTROLLER OR DESIGNEE    DATE

29. RETIREMENT  01 CS RETIRE  02 TEACHERS  03 POLICE/FIRE  04 JUDGES (3%)
05 JUDGES (3.5%)  06 JUDGES (6.5%)  07 RESERVED  08 UDC (10%)
070
09 UDC (12.5%)  10 UDC (15%)  11 FICA  12 NONE
13 FICA NO TIAA/CREF  14 CS LAW ENFORCEMENT
15  02  042;0

| 30. PAY GROUP 6 | 001 | 31. RETAINED GRADE | EXPIRATION DATE MO DY YR  224 | 32. CORRESPONDING GRADE | 33. SERVICE CODE  026  34 | S03 | MAA | 35. LEAVE CEILING  196 |
|---|---|---|---|---|---|---|---|---|

183  39 CERTIFICATE TO EMPLOY NO

36. EMPLOYMENT TYPE  027
1 FULL-TIME  4. PART-TIME TEMP
2 PART-TIME  5. INTERMITTENT
3. FULL-TIME TEMP  6. EXCEPTED
37. POSITION TYPE  235
01 CAREER  5 JUDICIAL
2 EDUCATIONAL
3 EXECUTIVE
4 EXCEPTED    2
38. TERMINATION CODE
1 RESIGN  5 DECEASED
2 RETIRE  6 TERMINATED
3 TRANSFER 7. VOLUNTARY SEPARATION
4. MILITARY  8 INVOLUNTARY SEPARATION    8

| COST CENTER | | JOB | | | ACTIVITY | | ITEM | % |
|---|---|---|---|---|---|---|---|---|
| F Q 0 2 5 | 9 0 0 0 0 | 0 | A A | 0 4 | 0 0 0 0 | | | |

| MULTIPLE RULES | RULE | FUND | AGENCY | YR. | RESP. CENTER | PDS | PSF | MRU | | ARC | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YES NO  X  PRIMARY | 1 0 0 | G A | 5 7 | A B | 0 1 | 1 | 0 0 | A | A F | | |
| OTHER | | | | | | | | | | | |

☐ SUBJECT TO SATISFACTORY MEDICAL EXAMINATION AND CHEST X-RAY
☐ SUBJECT TO COMPLETION OF _____ YEAR _____ PERIOD BEGINNING _____

REMARKS
The employee's absence from work due to a job related injury has exceeded the two (2) yr. retention rights period. The employee is being terminated from D.C.P.S. Health benefits should have been transferred out to the D.C. Div. of Disability and Crime Compensation. HEALTH BENEFITS COVERAGE TERMINATES 31 DAYS FROM THE END OF THE PAY PERIOD IN WHICH SEPARATION IS EFFECTIVE. HEALTH BENEFITS MAY BE CONTINUED FOR AN ADDITIONAL 18 MONTHS UPON REQUEST OF TEMPORARY CONTINUATION OF COVERAGE. REGISTRATION INFORMATION CAN BE SENT TO YOU BY CONTACTING YOUR BENEFITS REPRESENTATIVE ON 724-4080.

| | PAY PROCESS CODE | 40. WORK PERMIT NUMBER | 41. PAY STATUS  078 | 41 TAX TABLE  073 | 42. EXEMPTIONS  071 | STATE  074 | 43. ADDITIONAL FEDERAL |
|---|---|---|---|---|---|---|---|
| LGM | | | | | | | |

44. DEPARTMENT HEAD OR DESIGNEE (SIGNATURE)
DR. FRANKLIN SMITH
45. DATE MO DY YR  05 04
46. APPROVING OFFICER AND AGENCY (SIGNATURE)
James R. Daugherty
JAMES R. DAUGHERTY  DIRECTOR, PERSONNEL SERVICES
APPROVAL DATE  MO DY YR  05 15 95

OFFICIAL PERSONNEL FOLDER

GOVERNMENT
OF THE    **PERSONNEL ACTION**    PERS FORM (REV. 8-80)

DISTRICT OF COLUMBIA    PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

TRANSACTION CODE     ORIGINATING AGENCY | G | A |   D.C. PUBLIC SCHOOLS

| 1 SOCIAL SECURITY NUMBER | 002 | 2 NAME | 008 | | 2A | 009 | 3. DATE/ACTION NO. | 4 EFFECT DATE |
|---|---|---|---|---|---|---|---|---|
| 226664279 | 1 MJC | HOBBY (LAST) | GERALDINE (FIRST) | V (MIDDLE) | 1 MR   3 MISS    3    2 MRS   4 MS | | 5135090322 | MO 05 DY 04 YR 90 |

| 5. DEPARTMENT | 6 ADDRESS | 013   STREET | 7 DATE OF BIRTH | 221 | 8. PHYSICAL HANDICAP | 236 |
|---|---|---|---|---|---|---|
| ELEMENTARY EDUCATION | 6117 | MARLIN   LA | 06 13 45 | | 06 | |

| | CITY | 014 | STATE | 015 | ZIP | 016 | 9 VETERANS PREFERENCE | 238 |
|---|---|---|---|---|---|---|---|---|
| | CAMP SPRINGS | | MD | | 20748 | | 1 NONE   3 10 PT DISAB   5 10 PT OTHER   01   2 5 PT   4 10 PT COMP | |

| 10. NATURE OF ACTION/CODE | NTE DATE | 232 | 11. AUTHORITY | | EMPLOYMENT DATE | 223 |
|---|---|---|---|---|---|---|
| LOA WORKERS COMPENSATION   G A 4 1 3 | MO. DY. | | 5 DCMR CHAPTER 10 | | MO 01 DY 09 YR 67 | |

| 12. SERVICE | 222 | 13. DL SERVICE | 14. FEGLI REGULAR | 084 | FEGLI OPTIONAL | | 086 | 15 HEALTH BENEFITS CODE | 081 |
|---|---|---|---|---|---|---|---|---|---|
| COMP. DATE | | COMP. DATE | 1. COVERED 2. INELIGIBLE 3. WAIVED   1 | | 1 UNDER 35   5 50-54   2 35-39   6 55-59   3 40-44   7 60 AND UP   4 45-49 | | | 105 | |
| MO 01 DY 09 YR 67 | | MO 01 DY 09 YR 67 | | | | | CARRIER CONTROL NO | 080 | |

| 16. FROM: POSITION TITLE AND NUMBER | 17. PAY SCHEDULE | SERIES | 18. GRADE | STEP | 19. SALARY | FLAG | TIME SERVICE |
|---|---|---|---|---|---|---|---|
| TEACHER ART ELEMENTARY | ET | 10480 | 15 C | 0Y | PA 46609 | | 15 |

| 20. ORGANIZATIONAL UNIT | | SCHOOL — TENURE IN SYSTEM |
|---|---|---|
| KIMBALL | 5576 | PERMANENT |

| 70012037A | 21. PAYROLL ORG. CODE 72101576 | PAY GROUP 6 | TENURE IN POSITION PERMANENT |
|---|---|---|---|

| 22. TO: POSITION TITLE AND NUMBER | 23 PAY SCHEDULE | SERIES | 225 | 24 GRADE | 031 | STEP | 032 | 25 SALARY | 033 | FLAG | TIME SERVICE | 043 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |

| 26. ORGANIZATIONAL UNIT | SCHOOLS - TENURE IN SYSTEM |
|---|---|
| | |

| 27 PAYROLL ORG. CODE | 004 | TENURE IN POSITION |
|---|---|---|
| | | |

28 LABOR DISTRIBUTION RULE IS CERTIFIED CORRECT

AGENCY CONTROLLER OR DESIGNEE    DATE

| 29. RETIREMENT | 070 | | |
|---|---|---|---|
| 01 CS RETIRE | 05 JUDGES (3.5%) | 09 UDC (12.5%) | 13 FICA NO TIAA/CPEF |
| 02 TEACHERS | 06 JUDGES (6.5%) | 10 UDC (15%) | 14 CS LAW ENFORCEMENT |
| 03 POLICE/FIRE | 07 RESERVED | 11 FICA | 15 0   0420 |
| 04 JUDGES (3%) | 08 UDC (10%) | 12 NONE | |

| 30. PAY GROUP 6 | 001 | 31. RETAINED GRADE | EXPIRATION DATE MO. DY. YR. | 224 | 32. CORRESPONDING GRADE | 33. SERVICE CODE | 026 | 34 | 35. LEAVE CEILING | 196 |
|---|---|---|---|---|---|---|---|---|---|---|

| 36 EMPLOYMENT TYPE | 027 | 37. POSITION TYPE | 235 | 38 TERMINATION CODE | 183 | 39 CERTIFICATE TO EMPLOY NO |
|---|---|---|---|---|---|---|
| 1 FULL-TIME   4 PART-TIME TEMP   2 PART-TIME   5 INTERMITTENT   3 FULL-TIME TEMP    1 | | 1.CAREER   2.EDUCATIONAL   3.EXECUTIVE   4.EXCEPTED    5.JUDICIAL    5 | | 1 RESIGN   5 DECEASED   2.RETIRE   6.TERMINATED   3 TRANSFER 7 VOLUNTARY SEPARATION   4 MILITARY   8.INVOLUNTARY SEPARATION | | |

| MULTIPLE RULES | RULE | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | COST CENTER | JOB | ACTIVITY | ITEM | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| YES | PRIMARY | 1 0 0 | GA | 5 | | | | 3 | | 0 | 0 0 0 0 | | 0 0 0 | 0 |
| NO   X | OTHER | | | | | | | | | | | | | |

☐ SUBJECT TO SATISFACTORY MEDICAL EXAMINATION AND CHEST X-RAY.

☐ SUBJECT TO COMPLETION OF _____ YEAR _____ PERIOD BEGINNING _____

REMARKS:

**Employee is being placed on LOA Disability Compensation. Leave shall not extend beyond the two (2) year retention rights period. Reinstate- shall be made to the same or similar position from which leave was granted, provided the absence does not exceed two (2) years. Certification to return to duty must be submitted to the Division of Human Resource Management 30 days in advance.**

**PRESENT STEP AND SALARY IS 15C/0Y.- $51,922**

| | PAY PROCESS CODE | 40. WORK PERMIT NUMBER | 078 | PAY STATUS | 044 | 41. TAX TABLE | 073 | 42. EXEMPTIONS | 071 | STATE | 074 | 43. ADDITIONAL FEDERAL TAX | 07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LGM | | | | | | | | | | | | | |

| 44. DEPARTMENT HEAD OR DESIGNEE (SIGNATURE) | DATE MO. DY. YR. | 45 APPROVING OFFICER AND AGENCY (SIGNATURE) | APPROVAL DATE MO. DY. YR. |
|---|---|---|---|
| DR. FRANKLIN SMITH (TITLE) | 05 04 90 | James R. Daugherty   JAMES R. DAUGHERTY DIRECTOR, PERSONNEL SERVICES | 05 15 95 |

EMPLOYEE'S OFFICIAL PERSONNEL FOLDER

3

Kathy Patterson's
letters
to
Clifford Janey
and
Tony A. Damaso's
Response

# COUNCIL OF THE DISTRICT OF COLUMBIA
## WASHINGTON, D.C. 20004

**KATHY PATTERSON**
COUNCILMEMBER, WARD 3

CHAIRPERSON
COMMITTEE ON EDUCATION,
LIBRARIES, AND RECREATION

OFFICE: (202) 724-8062
FAX: (202) 724-8118

July 12, 2006

Dr. Clifford Janey
Superintendent
District of Columbia Public Schools
Office of the Superintendent
825 North Capitol St., NE
9th Floor
Washington, D.C. 20002

Dear Dr. Janey:

I write to forward correspondence received from Geraldine Tally Hobby regarding her disability compensation from a workplace injury.

Ms. Hobby claims that her retirement package was not completed as required by both federal and D.C. law, and that she was not properly compensated while she was on disability.

Please review the enclosed documents and take the appropriate action. Thank you for your attention to this matter. I look forward to your reply.

Sincerely yours,

Kathy Patterson

Enclosures

Cc:    Ms. Geraldine Tally Hobby
       Toni De Masi, Director of Human Resources, D.C. Public Schools
       Peter Parham, Chief of Staff, Office of the Superintendent



COUNCIL OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20004

KATHY PATTERSON
COUNCILMEMBER, WARD 3

CHAIRPERSON
COMMITTEE ON EDUCATION,
LIBRARIES, AND RECREATION

OFFICE: (202) 724-8062
FAX: (202) 724-8118

October 18, 2006

Dr. Clifford Janey
Superintendent
District of Columbia Public Schools
Office of the Superintendent
825 North Capitol St., NE
9th Floor
Washington, D.C. 20002

Dear Dr. Janey:

I write once again on behalf of former D.C. Public Schools employee, Geraldine Tally
Hobby, who claims that she was injured while employed by DCPS as an art teacher. I
have written you before on her behalf, and she has written to me recently to say that
she has yet to receive a response to her letters to you.

For your convenience I have enclosed copies of the documents that she has sent to me
outlining her case. Please review these documents and take the appropriate action.
Thank you for your attention to this matter. I look forward to your reply.

Sincerely yours,

Kathy Patterson

Cc:    Ms. Geraldine Talley Hobby
       Tony Demasi, Executive Director of Human Services, D.C. Public Schools
       Peter Parham, Chief of Staff, Office of the Superintendent, D.C. Public Schools



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Executive Director*
Department of Human Resources
825 North Capitol Street, NE, Sixth Floor
Washington, DC 20002-4232
202/442-5420, fax: 202/442-5315
www.k12.dc.us

October 31, 2006

Ms. Geraldine T. Hobby
Post Office Box 441972
Fort Washington, Maryland 20749

Dear Ms. Hobby:

This communiqué is in response to your request dated October 17, 2006, that was received in DCPS Office of Human Resources. On February 9, 2006, you spoke with Ms. Sheila Reid in Retirement Section concerning your eligibility for retirement. A review of your records revealed that you were terminated from DCPS and placed on Worker's Compensation effective May 4, 1992. Since your job related injury exceeded two years your retention rights period expired. Therefore, you were no longer a DCPS employee.

Further verification with DC Retirement Board confirmed that you received a refund of your retirement contributions from September 1, 1967 through May 4, 1992. Due to this refund you are not eligible for disability or deferred retirement form Worker's Compensation. A copy of the refund voucher #R40195 dated April 4, 1997 was mailed to you on February 10, 2006.

Regarding your letter dated May 30, 2006, your further complaint must be addressed with The Office of Risk Management. You should contact them directly on (202)727-8600.

If you require additional assistance please contact Ms. Sheila Reid in DCPS Retirement Section on (202) 442-5383.

Sincerely,

Tony J. Demasi
Executive Director

cc: Kathy Patterson, DC City Council

"DCPS: Success, One Student at a Time

The

American Federation

of

Teachers

&

The Washington

Teachers

Union

Expense

 *A Union of Professionals*

American Federation
of Teachers, AFL-CIO

AFT Teachers
AFT PSRP
AFT Higher Education
AFT Public Employees
AFT Healthcare

Edward J. McElroy
PRESIDENT

Nat LaCour
SECRETARY-TREASURER

Antonia Cortese
EXECUTIVE VICE PRESIDENT

Southern Regional Office

Al Squire
DIRECTOR

Leonard Lee
DEPUTY DIRECTOR

555 New Jersey Ave. N.W.
Washington, DC 20001
T: 202/393-5673
F: 202/393-5672
E: asquire@aft.org
    llee@aft.org

April 11, 2006

Ms. Geraldine Hobby
710 Carnoustie Lane
Fort Washington, MD   20744

Ms. Hobby:

I am in receipt of your phone messages to my office and wanted to take the time to offer this response. Concerning the nature of the items you listed in your message (e.g., retirement, workers compensation, and other employment), the appropriate party to respond to your request for information would be the local affiliate, Washington Teachers Union.

I have taken the liberty of forwarding your request to their offices; you should be contacted by a WTU representative soon. Thank you for contacting the AFT.

Sincerely,

Al Squire
Director, Southern Region


Cc:    George Parker, WTU
       Clay White, WTU



# Washington Teachers' Union

Local 6 of the American Federation of Teachers, AFL-CIO

**George Parker**
President

**Nathan A. Saunders**
Gen. Vice President

**Joyce Armoo**
Secretary

**Sallie L. Dorsey**
Treasurer

**Alfred Hubbard**
VP Senior High

**Willie Brewer**
VP Junior High

**Lorraine Smith**
VP Elementary

**Douglas Carter**
VP Spec. Education

**Andre Taylor**
VP Spec. Services

**Derek Davis**
VP Career Dev.

**MEMBERS AT LARGE**

**Rebecca B. Smith**
Senior High

**Jackie Shuler**
Senior High

**Camille Locke**
Junior High

**Oliver Jackson**
Junior High

**Darlene McEwan**
Elementary

**Steve Aupperle**
Elementary

**Deborrah Hines**
Elementary

**Rochelle Fair**
Elementary

**Laurel Tucker**
Special Services

**Gloria Everett**
Special Services

**Annette Anderson**
Special Services

**BOARD OF TRUSTEES**

**William Rope**

**Diane Riley**

**Joshua Rasco**

**NCCFD CHAPTER**

**Margaret Jamison**
President

**RETIREES CHAPTER**

**Dr. John L. Taylor**
President

March 27, 2006

Geraldine Hobby
710 Carnoustie Lane
Fort Washington, MD 20744

Dear Ms. Hobby:

    I am in receipt of your letter dated March 7, 2006. You are correct with the assertion that I attempted to intercede on your behalf. Unfortunately, the Washington Teachers' Union has no control over the DCPS Retirement System or the Disability Compensation machinations. Please know in retrospect we used our best efforts to assist you.

Sincerely,

Nathan A. Saunders
General Vice President

NAS: dd

Cc:    George Parker

6

U.S.
Office of Personnel
Management



# UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
### Washington, DC 20415

Office of the
Inspector General

Complaint No.  C 2007 00723

August 22, 2007

Ms. Geraldine Talley Hobby
Apt. 3A
510 Rockaway Ave.
Brooklyn, New York  12112

Dear Ms. Hobby:

This is in response to your recent correspondence in which you express concerns about
the system under which your retirement is covered.

I have requested the Quality Assurance Group of the Center for Retirement and Insurance
Services Program to review your concerns.  That office will make sure that you are
responded to directly and provide my office with a copy of the response.  Further
correspondence on this matter should be directed to the Office of Personnel
Management's Quality Assurance Group, Room Number 4316, 1900 E Street, N.W.,
Washington, D.C.  20415, Attention:  Michael Schweich.

Sincerely,

Norbert E. Vint
Deputy Inspector General



United States
## Office of
# Personnel Management

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania 16017

November 27, 2006

Geraldine Talley Hobby
Apt 3A
510 Rockaway Ave
Brooklyn NY  12112

Dear Ms Hobby:

This letter is in response to your telephone call of November 22.  You asked if you would be eligible for retirement through the Civil Service Retirement System.

According to the records filed with OPM, you were hired as a teacher with the DC Public Schools through a probationary appointment on September 1, 1967.  As you were a direct hire, you were covered by the DC Teachers' Retirement System.  The records also show that you applied for a refund of those contributions; they were paid to you on April 11, 1997.

As you were covered by the DC Teachers' Retirement System, OPM is not the agency responsible to pay your retirement benefits.  As your case has been reviewed by the Merit Systems Protection Board, I would recommend you follow their guidance.

Sincerely,

REID H. AHL, C.M.
Legal Administrative Specialist
Annuity Processing
888-767-6738

Rev0403



United States
# Office of
## Personnel Management

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania 16017

December 14, 2006

Geraldine T. Hobby
PO Box 441972
Ft. Washington MD  20749-1972

Dear Ms Hobby:

This is in response to your letter of December 7 in which you inquired about the retirement plan under which you would be covered.

As a result of our telephone conversation last month, I contacted the DC Public Schools Human Resources Office. They explained that as you were hired directly by the DCPS as a full time teacher, you were eligible to be covered by the DC Teachers' Retirement Plan. Some DCPS employees are initially hired on a temporary or non-probationary basis. Those individuals who were not "direct hire" were not eligible to be covered by the DC Teachers' Retirement Plan and may have been eligible for another federal retirement plan.

I trust this explains why you were covered by the DC Teachers' Retirement Plan. Again, I recommend you to follow the guidance the MSPB offered for reconsideration of the other issues you raise.

Best wishes for Peace during this holiday season.

Sincerely,

REID A. AHL, C.M.
Legal Administrative Specialist
Annuity Processing

This is the

Private Sector Handbook

While

the Public Sector

Doesn't have a Handbook

The Federal Govt.

also has

Handbooks (2

# The District of Columbia
## Workers' Compensation Act of 1979
### (as amended)

# D.C. Law 3–77



Government of the District of Columbia
Anthony A. Williams, Mayor

§ 32–1501    **WORKERS' COMPENSATION LAW**

Workmen's Compensation Provision As Preclud-
ing Employee's Action Against Employer For
Fraud, False Imprisonment, Defamation, Or
The Like, 46 A.L.R. 3rd 1279.

**Other References**

145 West's Education Law Reporter 535.

**Notes of Decisions**

Accidental injury    5–8
  In general    5
  Aggravation of preexisting condition    6
  Mental disease and emotional distress    7
  Sexual harassment    8
Acts for benefit of employer and employee, aris-
  ing out of and in course of employment    10
Acts for individual purposes or benefit of em-
  ployee, arising out of and in course of employ-
  ment    11
Acts for personal comfort or convenience of em-
  ployee, arising out of and in course of employ-
  ment    12
Acts of co-employee or third person, arising out
  of and in course of employment    13
Aggravation of preexisting condition, accidental
  injury    6
Arising out of and in course of employment
  9–22
  In general    9
  Acts for benefit of employer and employee
    10
  Acts for individual purposes or benefit of
    employee    11
  Acts for personal comfort or convenience of
    employee    12
  Acts of co-employee or third person    13
  Assaults by co-employees    14
  Assaults by third persons    15
  Going to or from meals    19
  Going to or from work    16
  Injuries before or after working hours    17
  Positional risk standard    22
  Skylarking and practical jokes    20
  Slips, trips, and falls    21
  Traveling employees    18
Assaults by co-employees, arising out of and in
  course of employment    14
Assaults by third persons, arising out of and in
  course of employment    15
Casual employees    23
Compensation    24
Construction and application    2
Construction with Longshoreman's Act    3
Construction with prior law    3
Disabilities    25
Employees    26
Employer    27
Going to or from meals, arising out of and in
  course of employment    19
Going to or from work, arising out of and in
  course of employment    16
Injuries    4
Injuries before or after working hours, arising
  out of and in course of employment    17
Mental disease and emotional distress, accidental
  injury    7

Physical impairments    25
Positional risk standard, arising out of and in
  course of employment    22
Purpose    1
Sexual harassment, accidental injury    8
Skylarking and practical jokes, arising out of and
  in course of employment    20
Slips, trips, and falls, arising out of and in course
  of employment    21
Special employee    23.5
Traveling employees, arising out of and in
  course of employment    18
Travelling salesmen, arising out of and in course
  of employment    18
Wages    29
Widows    28

---

**1.  Purpose**

A prime purpose of the District of Columbia
Workmen's Compensation Act is to provide resi-
dents of the District with a practical and expedi-
tious remedy for their industrial accidents and to
place on District of Columbia employers a limited
and determinate liability. Longshoremen's and
Harbor Workers' Compensation Act, § 1 et seq.,
33 U.S.C.A. § 901 et seq.;    D.C.Code 1940,
§ 36–501, 33 U.S.C.A. § 901 note. Cardillo v.
Liberty Mut. Ins. Co., U.S.Dist.Col.1947, 67 S.Ct.
801, 330 U.S. 469, 91 L.Ed. 1028. Workers'
Compensation ⊕ 11

District of Columbia Workmen's Compensation
Act is designed to alleviate suffering of injured
workers by spreading cost of their injuries among
purchasers of their products, and thus must be
interpreted liberally in favor of injured claimants.
D.C.C.E. § 36–501. Director, Office of Workers'
Compensation Programs, U. S. Dept. of Labor v.
National Van Lines, Inc., C.A.D.C.1979, 613 F.2d
972, 198 U.S.App.D.C. 239, certiorari denied 100
S.Ct. 3049, 448 U.S. 907, 65 L.Ed.2d 1136.
Workers' Compensation ⊕ 11, 52

The purpose of the Workmen's Compensation
Act is to provide not only for employees a remedy
which is both expeditious and independent of
proof of fault, but also for employers a liability
which is limited and determinative. Longshore-
men's and Harbor Workers' Compensation Act,
§§ 1 et seq., 5, 33 U.S.C.A. §§ 901 et seq., 905;
D.C.Code 1951, § 36–501, 33 U.S.C.A. § 901
note. Smither & Co. v. Coles, C.A.D.C.1957, 242
F.2d 1294, 100 U.S.App.D.C. 68, certiorari denied
77 S.Ct. 1299, 354 U.S. 914, 1 L.Ed.2d 1429.
Workers' Compensation ⊕ 11

The purpose of the Workmen's Compensation
Act is to substitute fixed payments for personal

injuries sustained or death caused in the course of employment for the common-law cause of action for damages. Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq.; D.C.Code 1951, §§ 36-501, 36-502, 33 U.S.C.A. § 901 note. Brown v. Curtin & Johnson, Inc., D.D.C1954, 117 F.Supp. 830, affirmed 221 F.2d 106, 95 U.S.App.D.C. 234. Workers' Compensation ☞ 11

Purpose of statutory mandate for workers' compensation is to guarantee quick and efficient benefits to victims of work-related injuries. D.C. Code 1981, § 36–301 et seq. In re Gerald T. Fenton, Inc., 1995, 178 B.R. 582. Workers' Compensation ☞ 11

The Workers' Compensation Act is a wage loss statute, and disability means injury that results in wage loss. Landesberg v. District of Columbia Dept. of Employment Services, 2002, 794 A.2d 607.

Purpose of Workers' Compensation Act is to advance humanitarian goal of statute to provide compensation to employees for work-related disabilities reasonably expeditiously, even in arguable case. D.C.Code 1981, § 36–301 et seq. Brown v. District of Columbia Dept. of Employment Services, 1997, 700 A.2d 787. Workers' Compensation ☞ 11

Workers' compensation law is intended to compensate for job-related injuries, not to insure job security. St. Clair v. District of Columbia Dept. of Employment Services, 1995, 658 A.2d 1040. Workers' Compensation ☞ 11

### 2. Construction and application

Workers' compensation statutes are to be liberally construed for the benefit of the employee. D.C.Code 1981, § 36–301 et seq. Hively v. District of Columbia Dept. of Employment Services, 1996, 681 A.2d 1158; Phoenix Assur. Co. of N. Y. v. Britton, C.A.D.C.1961, 289 F.2d 784, 110 U.S.App.D.C. 118; Harris v. District of Columbia Office of Worker's Compensation (DOES), 1995, 660 A.2d 404; Friend v. Britton, C.A.D.C.1955, 220 F.2d 820, 95 U.S.App.D.C. 139, certiorari denied 76 S.Ct. 72, 350 U.S. 836, 100 L.Ed. 745; Robinson v. Bradshaw, C.A.D.C.1953, 206 F.2d 435, 92 U.S.App.D.C. 216, certiorari denied 74 S.Ct. 226, 346 U.S. 899, 98 L.Ed. 400; Cardillo v. Liberty Mut. Ins. Co., 1938, 101 F.2d 254, 69 App.D.C. 330; President, etc., of Georgetown College v. Stone, 1932, 59 F.2d 875, 61 App.D.C. 200; Liberty Mut. Ins. Co. v. Donovan, D.D.C1954, 124 F.Supp. 320.

Workmen's compensation acts should be construed liberally in furtherance of their purpose and, if possible so as to avoid incongruous or harsh results. Longshoremen's and Harbor Workers' Compensation Act § 1 et seq., 33 U.S.C.A. § 901 et seq.; D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note. Maryland Casualty Co.

v. Cardillo, 1939, 107 F.2d 959, 71 App.D.C. 160. Workers' Compensation ☞ 48, 51

Workers' compensation law must be construed liberally for the benefit of employees and their dependents. Murray v. District of Columbia Dept. of Employment Services, 2001, 765 A.2d 980.

Workers' compensation laws are to be liberally construed for a claimant's benefit, and while this principle allows doubts to be resolved favorably to claimant, it does not relieve courts of the obligation to apply the law as it is written and in accordance with its plain meaning. National Geographic Soc. v. District of Columbia Dept. of Employment Services, 1998, 721 A.2d 618. Workers' Compensation ☞ 51, 52

### 3. Construction with Longshoreman's Act

Injuries incurred prior to effective date of 1979 Workers' Compensation Act continued to be governed by prior law. Longshore and Harbor Workers' Compensation Act, §§ 1–51, 33 U.S.C.A. §§ 901–950; D.C.Code 1981, §§ 36–301 to 36–345, 36–501, 36–502. Gustafson v. International Progress Enterprises, C.A.D.C.1987, 832 F.2d 637, 266 U.S.App.D.C. 25. Workers' Compensation ☞ 55

District of Columbia Workers' Compensation Act was "local" law, as to which interpretation of District of Columbia Court of Appeals would be given deference, even though Act merely applied terms of federal Longshore and Harbor Workers' Act. D.C.Code 1981, § 36–301 et seq.; Longshore and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq. Hall v. C & P Telephone Co., C.A.D.C.1987, 809 F.2d 924, 258 U.S.App.D.C. 83. Courts ☞ 96(6)

Longshoremen's and Harbor Workers' Compensation Act should be construed liberally in favor of employees and their dependents and it is in their favor that doubts, including the factual, are to be resolved. Longshoremen's and Harbor Workers' Compensation Act, §§ 1–50 as amended 33 U.S.C.A. §§ 901–950; D.C.C.E. § 36–501. Wheatley v. Adler, C.A.D.C.1968, 407 F.2d 307, 132 U.S.App.D.C. 177. Workers' Compensation ☞ 52, 1935, 1966

Injuries incurred before effective date of Workers' Compensation Act are governed by LHWCA. Longshore and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq.; D.C.Code 1981, § 36–301 et seq. Harris v. District of Columbia Office of Worker's Compensation (DOES), 1995, 660 A.2d 404. Workers' Compensation ☞ 58

District of Columbia Workers' Compensation Act of 1979 covers worker's injury or disease if employment events giving rise to injury occurred before Act took effect, but worker did not become aware of injury and its job-relatedness until after that time, unless there is no subject matter juris-




## § 32–1501    WORKERS' COMPENSATION LAW    *aggravation rule*

diction of claim under Act or other state law, in which event Longshore and Harbor Workers' Compensation Act, as extended by Congress to District of Columbia private sector workers, applies. D.C.Code 1981, § 36–301 et seq.; Longshore and Harbor Workers' Compensation Act, §§ 1–51, as amended, 33 U.S.C.A. §§ 901–950. Railco Multi-Const. Co. v. Gardner, 1989, 564 A.2d 1167, answer to certified question conformed to 902 F.2d 71, 284 U.S.App.D.C. 106. Workers' Compensation ⚬⇒ 57

Authoritative judicial interpretation of Longshoremen's and Harbor Workers' Compensation Act should generally control meaning of District of Columbia Workmen's Compensation Act of 1928. D.C.Code 1981, § 36–301 et seq.; Longshore and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq. Estep v. Construction General, Inc., 1988, 546 A.2d 376. Workers' Compensation ⚬⇒ 47

Where the District of Columbia Workers' Compensation Act of 1928 [D.C.Code 1981, §§ 36–501, 36–502] which made the provisions of the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.] applicable to the District of Columbia had been effectively repealed prior to date that Congress amended the LHWCA to allow an injured employee to sue a third-party tort-feasor more than six months after receiving a workers' compensation award if the employer has not yet instituted such a suit, the congressional amendment was inapplicable to the rights of an injured worker whose suit against a third-party tort-feasor was governed by the repealed District of Columbia Act and worker could not maintain the action more than six months after receiving a workers' compensation award. Longshoremen's and Harbor Workers' Compensation Act, § 33(b), 33 U.S.C.A. § 933(b). O'Connell v. Maryland Steel Erectors, Inc., 1985, 495 A.2d 1134, certiorari denied 106 S.Ct. 1258, 475 U.S. 1066, 89 L.Ed.2d 603. Workers' Compensation ⚬⇒ 58

### 4.    Injuries

Any attack of an occupational disease, whether an initial one or one following a symptom-free period, if it arises naturally out of the employment, is an "injury" within definition of term in Longshoremen's and Harbor Workers' Compensation Act. Longshoremen's and Harbor Workers' Compensation Act, § 2(2), 33 U.S.C.A. § 902(2). D.C.Code 1940, § 36–501, 33 U.S.C.A. § 901 note. Cadwallader v. Sholl, C.A.D.C.1951, 196 F.2d 14, 89 U.S.App. D.C. 285, certiorari denied 72 S.Ct. 1061, 343 U.S. 966, 96 L.Ed. 1363. Workers' Compensation ⚬⇒ 550

Workers' Compensation Act's definition of "injury" includes intentional assaults on employees by third parties, i.e., persons other than the employer. D.C.Code 1981, § 36–301(12). Clark v. District of Columbia Dept. of Employment Ser-

vices, 2000, 743 A.2d 722. Workers' Compensation ⚬⇒ 512

Aggravation of preexisting condition may constitute a compensable accidental injury under Workers' Compensation Act, and fact that other, nonemployment-related factors may also have contributed to, or additionally aggravated claimant's malady, does not affect claimant's right to compensation under the aggravation rule. D.C.Code 1981, § 36–308(6)(A). King v. District of Columbia Dept. of Employment Services, 1999, 742 A.2d 460. Workers' Compensation ⚬⇒ 552, 598

To be compensable under Workers' Compensation Act, injury must be either accidental injury that arises out of and in course of employment or occupational disease or infection that arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. Charles P. Young Co. v. District of Columbia Dept. of Employment Services, 1996, 681 A.2d 451. Workers' Compensation ⚬⇒ 517, 547, 604

For workers' compensation claimant to establish that rupture of berry aneurysm arose out of his employment, claimant was not required to prove that rupture was precipitated by unusual exertion where claimant was engaged at or near time of injury in job-related activities both stressful in themselves and made more so by immediate circumstances. D.C.Code 1981, § 36–301(12). Capital Hilton Hotel v. District of Columbia Dept. of Employment Services, 1989, 565 A.2d 981. Workers' Compensation ⚬⇒ 570

### 5.    Accidental injury—In general

Accidental injury within workmen's compensation law may occur notwithstanding injured employee has been engaged in his usual and ordinary activity and injury need not be external but it is enough if something unexpectedly goes wrong within the human frame. Longshoremen's and Harbor Workers' Compensation Act, §§ 1–50 as amended 33 U.S.C.A. §§ 901–950; D.C.C.E. § 36–501. Wheatley v. Adler, C.A.D.C.1968, 407 F.2d 307, 132 U.S.App.D.C. 177. Workers' Compensation ⚬⇒ 515

The very essence of workmen's compensation is that the injury must be "accidental," and "accidental" means unexpected. Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.; Employee's Compensation Act D.C., D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note. Hartford Accident & Indemnity Co. v. Cardillo, 1940, 112 F.2d 11, 72 App.D.C. 52, certiorari denied 60 S.Ct. 1100, 310 U.S. 649, 84 L.Ed. 1415. Workers' Compensation ⚬⇒ 515, 516

Term "accidental injury," within compensation statute, includes any injury unexpected or not designed, though employee be subject to physical infirmities at time, and may occur notwithstanding

8

8

U.S. Merit Syplema Protection Board

Use

Can be Combined

with

EEOC

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| GERALDINE TALLEY HOBBY,<br>Appellant, | DOCKET NUMBER<br>DC-831E-06-0499-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: June 7, 2006 |

Geraldine Talley Hobby, Fort Washington, Maryland, pro se.

Neale N. Ainsfield, Washington, D.C., for the agency.

**BEFORE**
Elizabeth B. Bogle
Administrative Judge

**INITIAL DECISION**

On March 16, 2006, the appellant filed an appeal alleging that her employing agency, the Public Schools of the District of Columbia, improperly denied her disability retirement benefits. The appellant has the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2). For the following reasons, the appeal is DISMISSED.

The Board does not have jurisdiction over all matters that are alleged to be unfair or incorrect. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board would have jurisdiction over the denial of the appellant's retirement benefits only if she

was covered by the Civil Service Retirement System (CSRS) or the Federal Employees' Retirement System (FERS) and she filed an application for benefits that was denied by the Office of Personnel Management (OPM) in a final or reconsideration decision. *See* 5 C.F.R. §§ 831.109(f), 831.110, 841.308; *Lewis v. Office of Personnel Management*, 69 M.S.P.R. 395, 397 (1996).

The appellant was informed of the jurisdictional issue and ordered to file evidence and argument to meet her burden of proof. She has not responded. The information submitted with the appellant's appeal appears to show that she was covered by the D.C. Teachers' Retirement System, not CSRS or FERS. For this reason and because she has not shown that OPM denied her application for retirement benefits in a final or reconsideration decision (and OPM has responded that it has not received a retirement application from the appellant), I find that the appellant has not established the Board's jurisdiction over her appeal.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:

Elizabeth B. Bogle
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on ____JUL 1 2 2006____, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. You must establish the date on which you received it. The date

on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you claim that you received this decision more than 5 days after its issuance, you have the burden to prove to the Board the date of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (see 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the

date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, <u>http://www.mspb.gov.</u> Additional information is available at the court's website, <u>http://fedcir.gov/contents.html</u>. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail

Geraldine Talley Hobby
710 Carnoustie Lane
Fort Washington, MD 20744

<u>Agency Representative</u>

U.S. Mail

Neale N. Ainsfield
Office Of Personnel Management
Retirement Services-Appeals, Room 4H19
1900 E Street, NW
Washington, DC 20415-3551

June 7, 2006
(Date)

Sheila Stanton
Paralegal Specialist

9

Superior
Court

99 mph 16
etc.

Campbell

03-22044    Bush

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

GERALDINE HOBBY            :
                          :
          Plaintiff,       :
                          :
     v.                    :    Civil Case No. 99mpa16
                          :
DISTRICT OF COLUMBIA PUBLIC :
   SCHOOLS,                 :
                          :
          Defendant.       :

## MEMORANDUM AND ORDER

Before the Court are the Motion of Respondent to Dismiss the Appeal and the petitioner's opposition.

This is an appeal from an order of the Director of the Department of Employment Services dated November 18, 1999. That order affirmed a decision of the Deputy Director for Labor Standards, which adopted a hearing examiner's recommendation in a compensation order issued March 30, 1998. The hearing examiner upheld a decision of the Office of Disability Compensation denying in large part petitioner's claim for disability benefits.

The District of Columbia moves to dismiss the appeal on the ground that this Court has no

jurisdiction over it. The District relies on D.C. Code § 1-624.28(b), which provides that "[t]he action of the Director [of the Department of Employment Services] may be reviewed by the District of Columbia Court of Appeals." This provision, which codifies D.C. Law 12-175, § 2102(e), 45 D.C. Reg. 7193, became effective March 26, 1999, and therefore governs petitioner's appeal. Thus, the District is correct in arguing that this Court has no jurisdiction over the appeal; rather, jurisdiction by statute lies in the District of Columbia Court of Appeals.

Petitioner argues that that she based her decision to file her appeal in this Court on a form given to her. The District, however, points out accurately that the Director's order advised the petitioner that her appeal should be filed in the District of Columbia Court of Appeals. Thus, petitioner cannot rely on an argument that the District through its clerks misled her into filing in the wrong court. In any event, this Court could not hold that it had jurisdiction on the ground that the District had waived the defense or is estopped by its conduct from asserting it. Customers Parking v. District of Columbia, 562 A.2d 651, 653-4

2

(D.C. 1989). Equally, petitioner's argument that the District has delayed in asserting the jurisdictional defense has no merit. Lack of jurisdiction may be raised at any time, even by the court itself. <u>Id</u>. at 654. Thus, even if the District had not raised the jurisdictional defense, the Court would have had to raise its lack of subject matter jurisdiction.

It is unfortunate that the petitioner, who is acting without benefit of counsel, finds herself in a position where she cannot be heard in this Court, and must, if she wishes to proceed, file her appeal in the District of Columbia Court of Appeals.[1]  The law, however, requires this result.

Accordingly, the Court **ORDERS** that the Motion of Respondent to Dismiss the Appeal be and hereby is **GRANTED**.

SIGNED IN CHAMBERS

**April 7, 2000**

Copies mailed to:

Ms. Geraldine T. Hobby
6117 Marlin Lane
Camp Springs, Maryland  20748

A. Franklin Burgess, Jr.
Judge

DOCKETED APR 1 2 2000
MAILED APR 1 2 2000

---

[1]    Petitioner asks this Court to file the appeal for her, but it is not this Court's function to do so.

3

Jack Simmons, Esquire
Asst. Corporation Counsel
441 4th Street, N.W.
Suite 6S095
Washington, D.C.  20001

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Geraldine Talley-Hobby
                    Plaintiff,                :
                                              :
                                              :
            v.                                :    Civil Case No.
                                              :
D.C. Government, et. al.                      :
                                              :
                                              :
                    Defendant.                :

03 - 2544

FILED
CIVIL ACTIONS BRANCH

JUN 0 2 2003

Superior Court
of the District of Columbia
Washington, DC

## RECUSAL NOTICE AND ORDER

The parties are hereby informed of the following:

The undersigned judge has been sued in this Court,
along with several other defendants, including the
District of Columbia.  A copy of the complaint is
attached.  It appears that the complaint, insofar as it
concerns the undersigned, alleges that the undersigned
wrongfully refused to transfer the plaintiff's action
to the Court of Appeals for resolution of her claim.

At the request of the undersigned, the Corporation
Counsel is representing the undersigned.  This is
customary in cases in which judges are sued for acts
done in their official capacity.  It is the

undersigned's view that the complaint against him is
frivolous, given absolute judicial immunity.  <u>See</u> <u>Stump</u>
<u>v. Sparkman</u>, 435 U.S. 349 (1978).  A motion to dismiss
is being, or shortly will be, filed on that ground.

Canon 3.E(1) of the Code of Judicial Conduct
(1995) provides that "[a] judge shall disqualify
himself or herself in a proceeding in which the judge's
impartiality might reasonably be questioned . . . ."
This notice is being provided to the parties in this
case because the District of Columbia or one of its
agents is a party, or because the Corporation Counsel
represents one of the parties.  Since the undersigned
is represented by the Corporation Counsel in the suit
against him, and since the District is a defendant in
that suit, there might be an issue of whether the
undersigned's impartiality might reasonably be
questioned in the present case.  Because, in the suit
against him, the undersigned is sued in his official
capacity and is being represented by the Corporation
for that reason, the undersigned is of the opinion that
there is no basis for recusal.  Nevertheless, the
comment to Canon 3.E.(1) provides that "[a] judge

should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification." Accordingly, the Court is making the disclosure contained in this notice.

Any party wishing to move for recusal shall do so by **June 16, 2003**.


SIGNED IN CHAMBERS

**May 30, 2003**

A. Franklin Burgess, Jr.
Judge

Copies to be mailed to:

MAILED  JUN - 2 2003

Frederic W. Schwartz, Jr., Esquire
Suite 406
1634 I Street, N.W.
Washington, D.C.  20006

DOCKETED  JUN - 2 2003

Jacob D. Ritting, Esquire
Asst. Corporation Counsel
441 4th Street, N.W.
6th Floor South
Washington, D.C.  20001

3

U.S. Court of Appeals

10

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY   V.   DISTRICT OF COLUMBIA

------------------------------------------------------------------------

User: AVAN
Host:
Class: 172.16.0.210
Job: DOCKET_PRT

DATE  9/04/07        DISTRICT OF COLUMBIA COURT OF APPEALS

CASE NUMBER 04-CV-000472

CASE TITLE


GERALDINE TALLEY HOBBY

                                                    APPELLANT

                              V.


DISTRICT OF COLUMBIA

                                                    APPELLEE


-------------------------------------------------------------------

      ATTORNEYS FOR APPELLANT          ATTORNEYS FOR APPELLEE

  HOBBY, GERALDINE TALLEY              SCHWAB, EDWARD E.
  PRO SE                               CORPORATION COUNSEL
  710 CARNOUSTLE LANE                  DEPUTY SOLICITOR GEN-DC
                                       441 4TH ST., N.W. 6TH FLR
  FORT WASHINGTON    MD 20744-0000     WASHINGTON       DC 20001-0000
  301-203-8144                         202-724-5692
  FOR: *HOBBY, GERALDINE TALLEY        FOR:  DISTRICT OF COLUMBIA


-------------------------------------------------------------------

      COURT/AGENCY #: CA10242-03
      TRIAL JUDGE: CAMPBELL, JOHN M.
      DATE OF JUDGMENT/ORDER:  4/19/2004
      NOTICE OF APPEAL: 05/03/2004
         RECORD COMPLETED:  8/18/2004
           CASE DISPOSED:  5/17/2005


-------------------------------------------------------------------

  REMARKS:  OTHER CIVIL
            *****COST WAIVED
            LW


-------------------------------------------------------------------

                            ATTORNEYS

  CONNELLY, MARY T.                    DISTRICT OF COLUMBIA
  CORPORATION COUNSEL                  APPELLEE
  ASSISTANT ATTY GEN-DC
  441 4TH STREET, NW,
  WASHINGTON       DC 20001-0000


-------------------------------------------------------------------

                      FILINGS/PROCEEDINGS

   5/03/2004  NOTICE OF APPEAL
              DMITCHELL

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY    V.   DISTRICT OF COLUMBIA

5/20/2004    ORDERED TO SHOW CAUSE that appellant shall, within
20 days from the date of this order, show cause
why this appeal should not be dismissed for lack
of jurisdiction as prematurely filed.  See Carter
v.  Cathedral Ave. Corp., Inc., 532 A.2d (D.C.
1987)
                    (by: WAGNER)
             JBROWN

6/14/2004    ORDERED that this appeal is hereby dismissed
without prejudice for lack of jurisdiction as
having been prematurely filed.  See Carter  v.
Cathedral AVe. Coop., Inc., 532 A.2d 681 (D.C.
1987).
                    (by: SCFARZ)
             JBROWN

6/14/2004    DISMISSED
             JBROWN

6/28/2004    APPELLANT'S MOTION TO REINSTATE APPEAL
(jmb)
             DENIED             7/14/2004
             JBROWN

7/14/2004    ORDER DENYING APPELLANT MOTION TO REINSTATE
APPEALwith respect to appeal no. 04-CV-485.  This
court lacks jurisdiction over that matter and it
was properly dismissed.  See Fleming v.  District
of Columbia, 633 A.2d 846, 849 (D.C. 1993); D.C.
App. R. 4(a)(10); In re C.I.T., 369 A.2d 171 (D.C.
1977).
                    *** MORE ***
             JBROWN

7/14/2004    ORDER GRANT APPELLANT MOTION TO REINSTATE APPEAL
with respect to appeal no. 04-CV-472.  That
matter was dismissed as having been prematurely
filed, but this court's jurisdiction has not
reopened with the entry of the trial court's June
3, 2004, order denying appellant's time motion to
reopen.  See CArter v.  Cathedral Avenue. Coop.,
Inc., 532 A.2d 681 (D.C. 1987).
                  **** MORE ***
             JBROWN

7/14/2004    ORDER DENYING APPELLANT'S MOTION TO CONSOLIDATE
F/O that within 10 days from the date of this
order that appellant shall take whatever steps she
deems necessary with respect to the preparation
of transcripts, if any, for this appeal.  See D.C.
App. R. 10(b).
                    (by: RDWSKN)
             JBROWN

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY    V.   DISTRICT OF COLUMBIA

7/21/2004    STATEMENT REGARDING TRANSCRIPT(S)
             (no rt needed)  ta
             AVAN

8/18/2004    RECORD INDEX
             AVAN

8/18/2004    RECORD COPIES
             AVAN

8/18/2004    RECORD COMPLETED
             LWILLIAMS

8/24/2004        It appearing that the complete record on
             appeal has been filed with this court, it is
                 ORDERED that the brief of appellant and the
             limited appendix, as required by D.C. App. R. 30
             (f), shall be filed within 40 days from the date
             of this order, and the brief of appellee shall be
             filed within 30 days thereafter.  See D.C. App. R.
              30, 31.  (BY: GP)
             LWILLIAMS

9/20/2004    APPELLANT'S MOTION TO EXTEND TIME TO FILE BRIEF
             20to 30 days
             GRANTED        10/07/2004
             AVAN

10/07/2004       On consideration of appellant's motion for an
              extension of time to file the brief, and no
             opposition having been filed, it is
                 ORDERED that the motion is granted, and the
             brief of appellant shall be filed on or before
             November 3, 2004.    (BY: GP)
             LWILLIAMS

11/05/2004   APPELLANT'S BRIEF
             (NO APPENDIX)
             LW
             AVAN

11/16/2004   RECEIVED pro se appellant's appendix along with a
             copy of the brief. (Returning for Malb per TA)rjg
             (only one copy of appendix submitted)
             DMITCHELL

11/30/2004       It appearing that the brief of appellant was
             filed with this court on November 5, 2004, and it
             further appearing that the appendix was due to be
             filed on or before November 3, 2004, and has not
             been filed, (See D.C. App. R. 30, 31.), it is
                 ORDERED that appellant shall within 15
             days from the date of this order submit the
             appendix, accompanied by a motion for leave to

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY    V.    DISTRICT OF COLUMBIA

file out of time.  The motion should set forth
good cause for the failure either to timely file
the appendix or to request an extension of time
within which to do so.  Failure to comply with
this order shall subject this appeal to dismissal
without further notice.  See D.C. App. R. 13.  It
is
     FURTHER ORDERED that the brief of appellee
shall be filed within 30 days from the date the
appendix is filed with this court.  (BY: GP)
LWILLIAMS

12/15/2004    RECEIVED - aplt's appendix    and amended brief
              AVAN

12/16/2004    APLT MOTION FOR LV TO FILE AMENDED/CORRECTED
              BRIEFand for leave to file appendix
              GRANTED        12/30/2004
              AVAN

12/30/2004    ORD GRT APLT MO FOR LV TO FL AMENDED/CORRECTED BRF
               and the lodged amended brief of appellant and
              appendix are filed.  It is
                   F/O that appellee's brief shall be filed
              within 30 days from the date of this order.
              (BY: GP)
              LWILLIAMS

12/30/2004    APPELLANT'S BRIEF  (AMENDED)
              LWILLIAMS

12/30/2004    APPENDIX
              LWILLIAMS

 1/31/2005    APPELLEE'S MOTION TO EXTEND TIME TO FILE BRIEF
              to 2/25/05
              GRANTED        3/22/2005
              AVAN

 2/07/2005    APLT MOTION FOR LEAVE TO SUPPLEMENT THE RECORD
              FILED AS..."APPELLANT'S MOTION TO INCLUDE
              EVIDENCE"
              LW
              DENIED         3/22/2005
              AVAN

 2/07/2005    APPELLANT'S OPPOSITION - to aple's motion to for
              extension of time
              AVAN

 2/25/2005    APPELLANT'S OPPOSITION - to appellee's motion for
              an extension of time
              Filed as..."APPELLANT'S MOTION TO MOVE FORWARD"
              LW

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY    V.    DISTRICT OF COLUMBIA

AVAN

2/25/2005    APPELLEE'S MOTION TO EXTEND TIME TO FILE BRIEF
             to 3/31/05
             GRANTED              3/22/2005
             AVAN

3/22/2005    ORD GRANT APLE MOTION TO EXTEND TIME TO FILE BRIEF
             and appellee's brief shall be filed on or before
             March 31, 2005.  Any further requests for
             extensions of time will be looked upon with
             disfavor and granted only upon a showing of good
             cause.  It is
                         ********MORE*******
             LWILLIAMS

3/22/2005    ORDER DENY APLT MO FOR LV TO SUPPLEMENT THE RECORD
             since only documents that were included in the
             trial court record may be part of the record on
             appeal and the record has been filed.  (BY: AMW)
             lw
             LWILLIAMS

3/31/2005    APPELLEE'S MOTION TO EXTEND TIME TO FILE BRIEF
             50 days
             GRANTED              4/15/2005
             AVAN

4/15/2005    ORD GRANT APLE MOTION TO EXTEND TIME TO FILE BRIEF
             and the brief of appellee shall be filed on or
             before May 20, 2005.  Failure to comply with this
             order shall subject this appeal to being scheduled
             for consideration on the record and on
             appellant's brief without further notice.
             (BY: AMW)  lw
             LWILLIAMS

4/29/2005    APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE
             (with exhibits)
             GRANTED              5/17/2005
             AVAN

5/11/2005    APPELLANT'S OPPOSITION - to aple's motion to
             summary judgment
             AVAN

5/11/2005    lodged----S MISCELLANEOUS PROCEDURAL MOTION
             for extension of time to reply to summary
             judgement
             AVAN

5/17/2005    JMT GRANT APPELLEE MOTION FOR SUMMARY AFFIRMANCE
             See Oliver T. Crr Mgm't, Inc. v. Nat'l
             Delicatessen, Inc., 397 A.2d 914, 915 (D.C. 1797).

CASE NUMBER 04-CV-000472
GERALDINE TALLEY HOBBY   V.   DISTRICT OF COLUMBIA

It is ORDERED and ADJUDGED t hat the order on
appeal be, and hereby is, affirmed.
(by: TEGLST)
JBROWN

5/17/2005   AFFIRMED
JBROWN

6/09/2005   MANDATE ISSUED
MJURNEY

6/28/2005   MOTION TO RECALL THE MANDATE
DENIED          6/30/2005
PMCMILLAN

6/28/2005   APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION
to include case 04CV485 as part of case on appeal
(04CV472)
DENIED          6/30/2005
PMCMILLAN

6/30/2005   ORD DENYING MOTION TO RECALL MANDATE and to
consolidate is denied.
F/ORDERED that in light of appellant's
persistent, meritless, and abusive attempts to
continue prosecuting these appeals, that the Clerk
of this court shall hereafter refuse to accept
any filing by appellant in these appeals.
(TEGLST)
RMASON

7/19/2005   APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION
for leave to file with this court  recall mandate
reopen & rehear
DENIED          7/21/2005
AVAN

7/21/2005       ORDERED that appellant's motion for leave to
file is denied.  It is
******MORE*****
LWILLIAMS

7/21/2005       FURTHER ORDERED that the Clerk of this court
shall thereafter refuse to accept any filing by
appellant in these matters.  See Ibrahim v. DC 755
A.2d 392 (D.C. 200); Corley v. US.
(TEGLKN)
LWILLIAMS

DISPOSITION

5/17/2005   AFFIRMED
JUDGMENT

User: AVAN
Host:
Class: 172.16.0.210
Job: DOCKET_PRT

DATE  9/04/07        DISTRICT OF COLUMBIA COURT OF APPEALS

CASE NUMBER 01-CV-000470

CASE TITLE


GERALDINE T. HOBBY

                                             PETITIONER

                         V.


     D.C. PUBLIC SCHOOLS

                                             RESPONDENT


------------------------------------------------------------------

          ATTORNEYS FOR PETITIONER          ATTORNEYS FOR RESPONDENT

     HOBBY, GERALDINE T.                REISCHEL, CHARLES L.
     PRO SE                             CORPORATION COUNSEL
     12600 ABBOTTSFORD CIRCLE           441 4TH St, NW  6th FL SO
     FORT WASHINGTON   MD 20744-0000    WASHINGTON       DC 20001-0000
     301-203-8144                       202-724-5665
     FOR: *HOBBY, GERALDINE T.          FOR:  D.C. PUBLIC SCHOOLS


------------------------------------------------------------------

          COURT/AGENCY #: MPA16-99
          PETITION FOR REVIEW: 04/13/2001
               RECORD COMPLETED:  8/24/2001
               BRIEFS COMPLETED:  4/05/2002
              ARGUED/SUBMITTED:  9/24/2002
                 CASE DISPOSED:  9/25/2002


------------------------------------------------------------------

     REMARKS:  OTHER CIVIL
               4/25/01 SW
               COSTS WAIVED


------------------------------------------------------------------

                              ATTORNEYS

       *EARL, WILLIAM J.                D.C. PUBLIC SCHOOLS
        CORPORATION COUNSEL             RESPONDENT
        ASSISTANT ATTY GEN - DC
        441 4TH STREET, NW
        WASHINGTON        DC 20001-0000


------------------------------------------------------------------

                         FILINGS/PROCEEDINGS


     4/13/2001  PETITION FOR REVIEW
                RMADDOX

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

4/13/2001    PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS
             GRANTED            6/05/2001
             RMADDOX

4/13/2001    RECEIVED petitioner's docketing statement.
             RMADDOX

5/11/2001    STATEMENT from appellant in regards to the orders
             issued in this matter.
             DMITCHELL

6/05/2001    PETITIONER'S DOCKETING STATEMENT
             JBROWN

7/05/2001    ORDER GRANT PTNR MO TO PROCEED IN FORMA PAUPERIS
             and the Clerk shall file the lodged docketing
             statement.
                F/O that petitioner shall, within 20 days from
             the date of this order, show cause why this
             petition for review should not be dismissed for
             lack of jurisdiction as untimely filed.
                          (by: WAGNER)

             JBROWN

7/23/2001    RESPONSE TO ORDER TO SHOW CAUSE
             PBRADY

7/23/2001    CHANGE OF ADDRESS RECEIVED
             PBRADY

7/24/2001    ORDERED (AMEMDED) that petitioner shall within 20
             days from the date of this order show cause why
             this petition for review filed on April 13, 2001,
             should not be dismissed for lack of jurisdiction
             as being untimely taken from an order entered by
             the respondent on November 18, 1999.  See D.C.
             App. R. 15(a); Flores v. District of Columbia
             Rental Housing Comm'n, 547 A.2d 1000 (D.C. 1988),
             cert. denied, 490 U.S. 1081 (1989).
                          (by: STRZKN)

             JBROWN

7/25/2001    PETITIONER'S MISCELLANEOUS PROCEDURAL MOTION
             for leave to file amended to response to show
             cause filed on 7/23/01
             AVAN

7/25/2001    RECEIVED  - amended response to show cause
             AVAN

8/10/2001    RESPONSE TO ORDER TO SHOW CAUSE
             PBRADY

8/20/2001    SUPPLEMENTAL RECORD - #1 (26pgs/Tape)

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

1/7/00 proc.
PMCMILLAN

8/23/2001    ORDERED that the orders to show cause are
discharged to the extent that the jurisdictional
questions presented by this case are hereby
referred to the merits division upon assignment
for its consideration.
    F/O that the parties shall address these
jurisdictional questions, in additional to any
other which they deem appropriate, in their briefs
on the merits.
    F/O that respondent shall prepare and transmit
the record to this court within 45 days from the
date of this order.  See D.C. App. R. 17(a).
            (by: STRZKN)
JBROWN

8/24/2001    RECORD ON APPEAL
PMCMILLAN

8/24/2001    RECORD COMPLETED
JCHAPPER

8/24/2001    RECORD CONTAINS TRANSCRIPTS
JCHAPPER

9/13/2001        It appearing that the complete record on
appeal has been filed with this court, it is
        ORDERED that the brief(s) of petitioner(s)
shall be filed within 40 days from the date of
this order, and the brief_ of respondent_ ___
_____ shall be filed within 30 days
thereafter.  See D.C. App. R. 31.  (_GP) sw
SWHITFIELD

9/18/2001    PETITIONER'S MISCELLANEOUS PROCEDURAL MOTION-
for a copy of the entire record
DENIED        11/20/2001
AVAN

10/12/2001   PETITIONER'S MOTION TO EXTEND TIME TO FILE BRIEF
no oppo
to 11/15/01
GRANTED       11/20/2001
AVAN

11/05/2001   PETITIONER'S MISCELLANEOUS PROCEDURAL MOTION - for
summary affirmance
(Note: construed as summary reversal)
DENIED        11/20/2001
AVAN

11/20/2001   ORDER DENYING PTNR MISCELLANEOUS PROCEDURAL MOTION

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

"for the entire record".
*** MORE ***
JBROWN

11/20/2001   ORDER DENYING PTNR MISCELLANEOUS PROCEDURAL
MOTION for summary affirmance.  (Construe as
actually seeking summary reversal)
*** MORE ***
JBROWN

11/20/2001   ORDER GRANT PTNR MOTION TO EXT TIME TO FILE BRIEF
and petitioner shall file her brief within 30
days from the date of this order.
(by: SCFENE)
JBROWN

11/26/2001   RESPONDENT'S MOTION TO DISMISS/WITHDRAW APPEAL
DENIED          12/14/2001
AVAN

11/26/2001   RECEIVED - oppo to pet's mot for summary
affirmance.
PBRADY

12/14/2001   ORDER DENY RESP MOTION TO DISMISS/WITHDRAW APPEAL
in light of this court's August 23, 2001, order
deferring all jurisdictional questions to the
merits division upon assignment and further
directing the parties to raise any such questions
in their briefs on the merits.
F/O that petitioner's brief remains due on or
before December 20, 2001.  The brief of respondent
is due 30 days thereafter.
(by: TEWSBE)
JBROWN

12/19/2001   PETITIONER'S MOTION TO EXTEND TIME TO FILE BRIEF
and motion to again to supplement the record on
appeal with the Agency's record.
(Ext until 1/20/02 - dwm)
AVAN

1/16/2002    ORD GRANT APLT MOTION TO EXTEND TIME TO FILE
BRIEFand the brief of appellant shall be filed on
or before January 22, 2002.
SWHITFIELD

1/16/2002    ORDER DENYING APLT MISCELLANEOUS PROCEDURAL
MOTIONto supplement the record on appeal. (AMW) sw
SWHITFIELD

1/16/2002    APPELLANT'S MOTION TO EXTEND TIME TO FILE BRIEF
20 days from 1/20
no oppo

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

|            | GRANTED            1/29/2002 |
|            | AVAN                         |

1/16/2002   APLT MOTION FOR LEAVE TO SUPPLEMENT THE RECORD
            no oppo
            AVAN

1/29/2002   ORD GRANT APLT MOTION TO EXTEND TIME TO FILE
            BRIEFand the brief of appellant shall be filed on
            or before Feb. 20, 2002. No further requests for
            extension of time will be granted absent a showing
             of good cause.
            SWHITFIELD

1/29/2002   ORD GRANT APLT MO FOR LV TO SUPPLEMENT THE RECORD
            to the extent that appellant shall make the
            necessary arrangements with the Clerk of Superior
            Court to have the items specified in appellant's
            motion prepared and transmitted to this court as a
             supplemental record forthwith. (AMW) sw
            SWHITFIELD

2/11/2002   SUPPLEMENTAL RECORD # 2 Pleadings filed in
            Superior Court
            AWILSON

2/20/2002   error
            PBRADY

2/22/2002   APPELLANT'S MOTION TO EXTEND TIME TO FILE BRIEF
            to 3/1/02.
            no oppo
            GRANTED            2/27/2002
            PBRADY

2/27/2002        On consideration of the motion of appellant_
            for an extension of time within which to file the
            brief, and no opposition having been filed, it is
                ORDERED that the motion is granted, and the
            brief of appellant shall be filed on or before
            March 1, 2002____.  (GP_) sw
            SWHITFIELD

3/01/2002   APPELLANT'S BRIEF
            AVAN

3/04/2002   APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION
            to clarify relief sought.
            GRANTED            3/26/2002
            PBRADY

3/26/2002   ORDER GRANT APLT MISCELLANEOUS PROCEDURAL MOTION
            to the extent the motion is filed as an addendum
            to appellant's brief.

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

F/O that the brief of appellee remains due on or
before April 5, 2002. (AMW) sw
SWHITFIELD

4/05/2002    APPELLEE'S BRIEF
PBRADY

4/05/2002    BRIEFS COMPLETED
PBRADY

4/30/2002    APPELLANT'S REPLY BRIEF
AVAN

4/30/2002    error
AVAN

4/30/2002    APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION
for compensation and punitive damages
DENIED W/O PREJ   5/20/2002
AVAN

5/01/2002    APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION - for
compensation & punitive damages
amended
DENIED W/O PREJ   5/20/2002
AVAN

5/20/2002    ORDER DENYING APLT MISCELLANEOUS PROCEDURAL
MOTIONfor fees and costs, without prejudice, to
refiling at the appropriate time by the
appropriate party. See D.C. App. R. 38-39; Tuplong
v. Britton, 411 A.2d 349 (D.C. 1980). (AMW) sw
SWHITFIELD

6/13/2002    CALENDAR NOTICE SENT
AJOHNSON

6/20/2002    ORDER
It is ORDERED, sua sponte, that this matter is
removed from the Summary Calendar of July 2, 2002.
(WA)
AJOHNSON

6/20/2002    CHANGE OF ADDRESS RECEIVED BY PHONE CALL OF
Geraldine T. Hobby, Petitioner
12600 Abbottsford Circle
Fort Washington, MD  20744
AJOHNSON

7/31/2002    CALENDAR NOTICE SENT
AJOHNSON

8/12/2002    APPELLANT'S MOTION REQUESTING ORAL ARGUMENT
DENIED          8/26/2002

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

PBRADY

8/26/2002    On consideration of the motion of pro se appellant
             for oral argument, and it appearing that this
             matter is scheduled on the Summary Calendar of
             September 24, 2002, it is
             ORDERED on behalf of the merits division assigned
             to consider this matter that the motion is denied
             and this matter shall be submitted for decision on
             September 24, 2002, without oral argument by
             either party, on the record and briefs alone. (GP)
             AJOHNSON

9/24/2002    SUBMITTED
             (SC,RZ,NW)
             AJOHNSON

9/25/2002    AFFIRMED
             moj (SC,RU,NW)
             ADAVIS

10/04/2002   APPELLANT'S MOTION FOR RECONSIDERATION
             AVAN

10/10/2002   ORDER that appellee within 14 days from the date
             of this order shall file a response to the motion
             for reconsideration.   (WA)
             SLEA

10/24/2002   APPELLEE'S ANSWER/RESPONSE to aplt mot for
             reconsideration and reversal of MOJ.
             PBRADY

11/01/2002   APPELLANT'S MISCELLANEOUS SUBSTANTIVE MOTION
             for leave to file a reply counter reply to aple's
             response & amended mot to alter amend, reopen
             retrail.
             PBRADY

11/01/2002   RECEIVED - counter reply to aple's response.
             PBRADY

11/13/2002   LETTER to appellant returning her "Motion To
             Clarify With Rules and Cases" since the court was
             unable to determine from this document what
             relief appellant was seeking.
             (GP)
             SLEA

12/17/2002   ORDER
                   On consideration of appellant's pro se motion
             for reconsideration, the response thereto, and
             appellant's pro se motion for leave to file reply
             to response to motion for reconsideration, it is

PAGE 0008

CASE NUMBER 01-CV-000470
GERALDINE T. HOBBY V. D.C. PUBLIC SCHOOLS

       ORDERED  that the motion for leave to file
reply is granted and the Clerk is directed to file
 the lodged reply of appellant to response to
motion for reconsideration. (By SC, RZ, NW)
EBROOKS

12/17/2002   ORDER DENY APPELLANT MOTION FOR RECONSIDERATION
             (By SC, RZ, NW)
             EBROOKS                  *Schwelb, Ruiz, Newman*

12/17/2002   APPELLANT'S REPLY
             EBROOKS

 1/02/2003   MANDATE ISSUED
             ADAVIS

 1/27/2003   MOTION TO RECALL THE MANDATE
             (appellant's pro se)
             SLEA

 4/15/2003   ORD DENYING MOTION TO RECALL MANDATE
             (appellant's pro se)
             SLEA

------------------------------------------------------------------

                         DISPOSITION
 9/25/2002   AFFIRMED
             MOJ

------------------------------------------------------------------

*Schwelb, Ruiz
Newman*

User: AVAN
Host:
Class: 172.16.0.210
Job: DOCKET_PRT

DISTRICT OF COLUMBIA COURT OF APPEALS

CASE NUMBER 01-AA-000573

CASE TITLE

GERALDINE T. HOBBY

PETITIONER

V.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

RESPONDENT

------------------------------------------------------------------

ATTORNEYS FOR PETITIONER

HOBBY, GERALDINE T.
PRO SE
1004 BROADVIEW ROAD
FORT WASHINGTON    MD 20744-0000
301-523-1504
FOR:  HOBBY, GERALDINE T.

ATTORNEYS FOR RESPONDENT

REISCHEL, CHARLES L.
CORPORATION COUNSEL
441 4TH St, NW  6th FL SO
WASHINGTON      DC 20001-0000
202-724-5665
FOR:  DISTRICT OF COLUMBIA PUBLIC

------------------------------------------------------------------

COURT/AGENCY #: MPA16-99
PETITION FOR REVIEW: 04/30/2001
CASE DISPOSED: 7/06/2001

------------------------------------------------------------------

REMARKS:  OTHER AGENCY

------------------------------------------------------------------

FILINGS/PROCEEDINGS

4/30/2001   PETITION FOR REVIEW
            (RECVD ONLY)
            RMADDOX

4/30/2001   PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS
            RMADDOX

4/30/2001   RECEIVED petitioner's docketing statement.
            RMADDOX

5/11/2001   STATEMENT from appellant in regards to the orders
            issued in this matter.
            DMITCHELL

5/25/2001   PETITIONER'S MISCELLANEOUS PROCEDURAL MOTION
            for leave to file  an amended statement.
            PBRADY

PAGE 0002

CASE NUMBER 01-AA-000573
GERALDINE T. HOBBY  V.  D.C. PUBLIC SCHOOLS

5/25/2001    RECEIVED - pet's amended statement
             PBRADY

7/06/2001    ORDERED that this appeal is hereby dismissed as a
             duplicative of appeal no. 01-AA-470.
                      (by: WAGNER)
             JBROWN

7/06/2001    DISMISSED
             JBROWN

8/20/2001    Error
             PMCMILLAN

8/24/2001    Error
             PMCMILLAN

-------------------------------------------------------------------

                         DISPOSITION
7/06/2001    DISMISSED
             ORDER

-------------------------------------------------------------------

*11*

U.S. District Court

12

U. S. District Court

Geraldine Talley Hobby
P. O. Box 441972
Fort Washington, MD   20744

------------------------------------------------

------------------------------------------------

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
June 16, 2006

No. 05-2006
CA-05-238-JBF-TEM

GERALDINE TALLEY HOBBY

Plaintiff - Appellant

v.

BENEFICIAL/HOUSEHOLD MEMBER HSBC GROUP; GLASSER AND GLASSER
LAW FIRM

Defendants - Appellees

No. 05-2007
CA-05-247-JBF-TEM

GERALDINE TALLEY HOBBY

Plaintiff - Appellant

v.

FIRST BAPTIST CHURCH OF LOGAN PARK, Logan Park Group
Corporation; GEORGE PASTOR GEORGE SPICER; MRS. SPICER; RENEE
CRANDALL BAKER; MICHAEL BAKER, Deacon; UNKNOWN, An unknown
party who attended the sale and any additional parties who
were involved in the acquisition of my family property, for
the purpose of demolishion for a parking lot - namely
Trustees

Defendants - Appellees

No. 05-2008
CA-05-274-JBF-FBS

GERALDINE TALLEY HOBBY

Plaintiff - Appellant

v.

BENEFICIAL; CITY OF NORFOLK, City Attorney; THE NORFOLK
PUBLIC SCHOOL SYSTEM; DIVISION OF NEIGHBORHOOD PRESERVATION;
FIRE MARSHALL DIVISION; DEPARTMENT OF UTILITIES, Division of
Water Accounts; TITUSTOWN CIVIC LEAGUE

               Defendants - Appellees

--------------

M A N D A T E

--------------

     The judgment of this Court, entered 5/25/06, takes effect
this date.

     A certified copy of this Court's judgment and a copy of its
decision are issued to the district court and constitute the
mandate of this Court.

                           /s/  Patricia S. Connor
                         ------------------------
                              CLERK

Geraldine Talley Hobby
710 Carnoustie Lane
Fort Washington, MD  20744

----------------------------------------------

----------------------------------------------

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
July 12, 2006

No. 05-2005
CA-05-110

GERALDINE TALLEY HOBBY

Debtor - Appellant

v.

BENEFICIAL MORTGAGE COMPANY OF VIRGINIA

Creditor - Appellee

and

U.S. TRUSTEE

Trustee

---

O R D E R

---

Appellant has filed motions for an extension of time in which to file a petition for rehearing and rehearing en banc, to recall the mandate and to appoint counsel.

The Court denies the motions.

For the Court - By Direction

/s/  Patricia S. Connor

CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
Lewis F. Powell, Jr. United States Courthouse Annex
1100 E. Main Street, Suite 501
Richmond, Virginia 23219-3517

www.ca4.uscourts.gov

Patricia S. Connor
Clerk

Telephone
(804) 916-2700

July 12, 2006

Geraldine Talley Hobby
P. O. Box 441972
Fort Washington, MD 20744

Re: 05-2006 Hobby v. Beneficial Household
CA-05-238-JBF-TEM

05-2007 Hobby v. First Baptist Church
CA-05-247-JBF-TEM

05-2008 Hobby v. Beneficial
CA-05-274-JBF-FBS

Dear Ms Hobby:

We are in receipt of your documents, dated 7/11/06.

This Court's Local Rule 40(d) states that, except for timely petitions for rehearing en banc, cost and attorney fee matters, and other matters ancillary to the filing of an application for writ of certiorari with the Supreme Court, the Office of the Clerk shall not receive motions or other papers requesting further relief in a case after the Court has denied a petition for rehearing or the time for filing a petition for rehearing has expired.

Pursuant to the provisions of Local Rule 40(d), no further action will be taken in this matter.

I enclose for your information a sheet outlining the procedures for applying to the Supreme Court of the United States for a writ of certiorari.

Yours truly,

PATRICIA S. CONNOR
Clerk

/s/ Richard H. Sewell

By: _____
Deputy Clerk

INFORMATION SHEET FOR FILING PETITION FOR WRIT OF CERTIORARI

1.     Review on writ of certiorari is not a matter of right but of judicial discretion. Certiorari will be granted only for compelling reasons. <u>See</u> Rule 10 of the Rules of the Supreme Court of the United States.

2.     To be timely, a petition for writ of certiorari must be filed with the Clerk of the United States Supreme Court within 90 days of entry of judgment. The time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. <u>See</u> Rule 13 of the Rules of the Supreme Court of the United States.

3.     The form and contents of the petition for writ of certiorari must comply with Rules 12 and 14 of the Rules of the Supreme Court of the United States.

4.     The petition must be accompanied by the $300 docket fee, payable to the Clerk of the United States Supreme Court, or by an application to proceed in forma pauperis.

5.     The record is retained in the lower court pending notification from the Clerk of the Supreme Court that it should be transmitted.

6.     Additional information on filing a petition for writ of certiorari is available on the Supreme Court's web site at www.supremecourtus.gov. You may contact the Supreme Court at:

        **Clerk**
        **Supreme Court of the United States**
        **1 First Street, N.E.**
        **Washington, D.C.  20543-0001**

        **Phone:  202-479-3000**