UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GERALDINE TALLEY HOBBY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1061 (RMC) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Geraldine Talley Hobby filed a motion for reconsideration of the Court's November 29, 2007, Memorandum Opinion and Order dismissing her case as time barred. Ms. Hobby alleged that she was employed by the District of Columbia in the public school system from 1967 to 1992 and that she was retroactively and wrongfully terminated on May 5, 1995. As explained in detail in the Court's Memorandum Opinion, she did not file a charge with the EEOC until July 21, 2006, and she did not file a charge with the D.C. Office of Human Rights until October 28, 2006; thus Ms. Hobby's filings with the EEOC and the D.C. Office of Human Rights were over ten years late. She did not allege any circumstance that would require the Court to apply equitable tolling. Ms. Hobby's motion for reconsideration does not meet the standards set forth in Federal Rule of Civil Procedure 59 or 60, and thus her motion is denied.

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment *shall* be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). The Court does not have the discretion to enlarge this period. *Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Accordingly, Ms. Hobby's December 28, 2007 motion to reconsider the November 29, 2007 Opinion and Order is untimely.

Even if the motion were timely, however, the Court would find it without merit. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Ms. Hobby's motion for reconsideration does not raise any new law or evidence and does not point out any error. Instead she merely restates her prior arguments.

Ms. Hobby's motion also fails under Rule 60(b). That rule provides for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). This last catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949), but should be applied only in extraordinary circumstances. *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. Mar. 6, 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Ms. Hobby has failed to demonstrate any error falling under the categories set forth in Rule 60(b).

For the reasons explained above, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration [Dkt. #23] is **DENIED.**

Date:   January 3, 2008               _____/s/_____
                                      ROSEMARY M. COLLYER
                                      United States District Judge